[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11488
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cr-00173-BJD-JBT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY HALLAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 28, 2017)

Before ED CARNES, Chief Judge, MARCUS, and ROSENBAUM, Circuit
Judges.

PER CURIAM:

Larry Hallam challenges his two-year prison sentence imposed for using controlled substances in violation of his supervised release conditions.  Hallam is an opioid addict and lifelong drug abuser, and he contends that the district court plainly erred by considering rehabilitation as a factor in imposing his two-year sentence.

Hallam served a year in prison for stealing government property and then began serving a three-year term of supervised release.  The conditions of his supervised release included the standard prohibition on the use of controlled substances.  About a year into his term of supervised release, Hallam's probation officer filed a petition alleging four violations for unlawful opioid use.  Hallam was arrested and incarcerated, and he admitted to the violations.

At Hallam's revocation hearing the district court calculated his guidelines range as three to nine months imprisonment with a maximum of two years.  Hallam agreed with the government's recommendation of three to six months in prison and no supervised release following imprisonment, stating that he was now clean, that he needed to handle his addiction without supervision, and that he could find services on his own if he needed help.  He also stated that if he remained on supervised release, he would get a prescription for pain pills so that he could take them legally to help him with his back pain.

2

The court then questioned Hallam about a traffic infraction that occurred right before he was arrested for his supervised release violations. A police officer stopped Hallam after he crossed over a fog line several times, and the court expressed concern that Hallam could not stay in his lane because he was under the influence. Hallam denied that he crossed over the line because he was under the influence, but he admitted that the last time he was sober was when he was in prison. The court raised the possibility of placing Hallam in a residential drug treatment program if he remained on supervised release, but Hallam stated that he would prefer a jail sentence, even one at the top of the guidelines range, and then release from supervision.

The court found that Hallam violated his conditions of supervised release, noting that the four opioid violations "evince[d] an inability to control [his] consumption of controlled substances." It sentenced Hallam to two years in prison, after which he would be discharged from supervised release. The court justified the variance based on Hallam's "lack of success on supervised release," his "unwillingness to undergo inpatient treatment," the "risk inherent in continual drug abuse," and the fact that prison was the "exclusive means of securing [his] sobriety."

Hallam contends that the district court impermissibly lengthened his sentence to promote his rehabilitation from drug use, in violation of the Supreme

3

Court's holding in Tapia v. United States, 564 U.S. 319, 335, 131 S. Ct. 2382, 2393 (2011), that "a court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." We extended that holding to prison terms imposed for supervised release violations in United States v. Vandergrift, 754 F.3d 1303, 1306, 1310 (11th Cir. 2014). Hallam did not raise his Tapia objection at the revocation hearing, and as a result we review only for plain error. Id. Under plain error review an appellate court "may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (quotation marks omitted). If all of those conditions are satisfied, we "may then exercise [our] discretion to notice [the] forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation marks omitted).

Even assuming that the district court plainly erred in considering rehabilitation, Hallam cannot show that the error affected his substantial rights because his "rehabilitative needs clearly constituted only a minor fragment of the court's reasoning." United States v. Alberts, 859 F.3d 979, 985 (11th Cir. 2017). Hallam relies on the court's statement that prison was the "exclusive means" to keep him sober as evidence that rehabilitation played a major role in his sentence,

4

but cherry-picking that quote ignores the context of the entire revocation hearing. The court imposed the two-year sentence based on Hallam's history of drug abuse and the need to ensure public safety, both of which are legitimate factors to consider in sanctioning a supervised release violation. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(C), 3583(e). Hallam all but admitted that he remained sober only while incarcerated, he rejected the option of enrolling in a residential drug treatment program, and he stated that he would get a prescription for pain pills if he remained on supervised release. In light of those statements, the court's question as to whether Hallam was under the influence when an officer stopped him for crossing over a fog line indicates that the court was concerned that Hallam's drug abuse would endanger the public. That the court might have believed that Hallam would benefit from two years in prison does not mean that it impermissibly relied on rehabilitation in imposing his sentence. See United States v. Grant, 664 F.3d 276, 282 (9th Cir. 2011) ("When a judge imposes prison, he may wisely believe that it will have rehabilitative benefits, but those benefits cannot be the reason for imposing it.").

Hallam's history of drug abuse and concern for public safety "drove the district court's sentencing decision," and any consideration of rehabilitation played

5

only a minor role, if any.[1]  Vandergrift, 754 F.3d at 1312 (concluding that defendant's substantial rights were not impacted where the district court's "primary considerations were for the safety of the public and deterring others from similar conduct"); see also United States v. Bennett, 698 F.3d 194, 201 (4th Cir. 2012) (concluding that defendant failed to satisfy the third prong of plain error review where the context of the "entire sentencing proceeding" showed that the defendant's "rehabilitative needs clearly constituted only a minor fragment of the court's reasoning," as the judge "led off the discussion" with and emphasized the defendant's breach of trust).  As a result, Hallam cannot show that any error impacted his substantial rights.

**AFFIRMED.**

---

[1] The district court's questions about placing Hallam in a residential drug treatment program also do not show that rehabilitation played more than a minor role in its decision, as a court "commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs."  Tapia, 564 U.S. at 334, 131 S. Ct. at 2292.