[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12834
Non-Argument Calendar
_____

D.C. Docket No. 8:08-cr-00064-EAK-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL ANTONIO LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 26, 2018)

Before ED CARNES, Chief Judge, TJOFLAT, and NEWSOM, Circuit Judges.

PER CURIAM:

Rafael Lopez challenges his 24-month prison sentence imposed for violating his supervised release conditions. He contends, and the government concedes, that the district court procedurally erred by considering Lopez's rehabilitative needs in sentencing him to 24 months.

Lopez served a 70-month sentence for possessing a firearm and ammunition as a convicted felon and then began serving a three-year term of supervised release. He violated the conditions of his supervised release and pleaded guilty to those violations at his revocation hearing. His guidelines range was 7 to 13 months in prison, with a statutory maximum of 24 months. The probation office recommended 24 months. The government sought 13 months. Lopez asked for 7 months.

The court sentenced Lopez to 24 months and recommended a 500-hour drug treatment program. It explained that it was giving Lopez 24 months so that he could "get the chance" to do the drug treatment program and that it was "trying to get [him] in [the prison] for the 500-hour program." Lopez objected to the sentence on the ground that it violated the Supreme Court's holding in Tapia v. United States, 564 U.S. 319, 332, 131 S. Ct. 2382, 2391 (2011), that sentencing courts cannot "impos[e] or lengthen[] a prison term to promote an offender's rehabilitation." The district court overruled his objection and stated: "You are getting the 24 [months] because you need to have that much time for the 500-hour.

2

You are going to be in a line.  If you get in that line, it will be a long line, but I'm trying to get you in the 500-hour program."  This is Lopez's appeal.

The government concedes that the district court committed <u>Tapia</u> error by imposing the 24-month sentence so that Lopez would have enough time to complete the 500-hour drug treatment program.  <u>See</u> <u>United States v. Alberts</u>, 859 F.3d 979, 986 (11th Cir. 2017) (stating that a district court committed <u>Tapia</u> error where it told the defendant that he "needed a period of time where he [could] receive the treatment that he should have") (alterations and quotation marks omitted); <u>United States v. Vandergrift</u>, 754 F.3d 1303, 1309 (11th Cir. 2014) (concluding that <u>Tapia</u> "applies in the context of resentencing upon the revocation of supervised release").  As a result, this case must be remanded for resentencing.

**VACATED AND REMANDED.**