[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11065

_____

D.C. Docket No. 6:15-cr-00190-PGB-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID RYAN ALBERTS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 13, 2017)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

MARTIN, Circuit Judge:

This is David Alberts's appeal of his 120-month prison sentence imposed

after he pled guilty to receiving and possessing child pornography.  Mr. Alberts

says the District Court made a mistake when it raised by five his offense level under United States Sentencing Guidelines ("USSG") § 2G2.2(b)(5).  Mr. Alberts's sentence was made longer, as called for under § 2G2.2(b)(5), once the District Court found that he "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor."  He argues he should not have received this longer sentence under § 2G2.2(b)(5) because he himself was only a minor when any sexual abuse of other minors took place.  Mr. Alberts also argues he should not be sentenced more harshly now, because any bad acts he committed as a teenager were decades ago.  He also argues that his sentence is unreasonable.  After careful review, and with the benefit of oral argument, we affirm his sentence.

## I.  BACKGROUND

Based on an investigative lead, Federal Bureau of Investigation agents in Orlando, Florida learned that in late February and early March of 2015, Mr. Alberts had been accessing a website that regularly hosted child pornography.  On August 10, 2015, law enforcement officers went to Mr. Alberts's home and interviewed him.  During the interview, Mr. Alberts admitted to accessing, receiving, and possessing child pornography for the last six months.  He also acknowledged that he had looked at child pornography as long as 15 years ago.  Upon searching his thumb drive, the agents found over 160 images of child pornography.  A federal grand jury then indicted Mr. Alberts for (1) one count of

2

receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1); and (2) one count of possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).  Mr. Alberts pled guilty to both counts.  He did so with no plea agreement with the government.

The Presentence Investigation Report ("PSR") sets out that Mr. Alberts admitted to engaging in sexual acts with his younger relatives on different occasions, when they were under the age of 12 and "he was approximately 16 years old."  The PSR contains some details about those incidents.  The PSR also says that Mr. Alberts admitted to searching for images depicting incest, and indeed, law enforcement agents found numerous incest-related stories on his thumb drive.  The PSR explained that as a child, Mr. Alberts suffered physical, emotional, and sexual abuse at the hands of various family members.  Based on his teenage sex acts with his younger relatives, the PSR assessed a five-level increase to his offense level under USSG § 2G2.2(b)(5), for "engag[ing] in a pattern of activity involving the sexual abuse or exploitation of a minor."  So although the PSR also reflected that Mr. Alberts had served in the United States Military for 20 years and received commendations for his service, it calculated his offense level to be 33 and his criminal history category to be I.  This resulted in a sentencing guideline range of 135 to 168 months.

3

At sentencing, Mr. Alberts did not challenge the factual accuracy of the PSR, but he objected to the § 2G2.2(b)(5) enhancement.  He argued the enhancement did not apply to him for three reasons.  First, he himself was a minor when he engaged in sexual acts with his younger relatives.  Second, those events happened about 30 years ago and "there is no evidence that [he] has sexually abused or exploited a child as an adult."  Third, the facts surrounding those events are "vague and not corroborated or [] investigated," such that it is "somewhat unclear as to what may or may not have happened with those two children."  Mr. Alberts requested a downward variance based in part on his military service; the extensive physical, emotional, and sexual abuse he suffered as a child at the hands of his family members; and the depression and impaired psychological development he suffered as a result of this abuse.

The District Court adopted the facts set out in the PSR, and overruled Mr. Alberts's objection to the five-level "pattern of activity" increase under § 2G2.2(b)(5).  It accepted the determination that Mr. Alberts's guidelines range was 135 to 168 months.  Then, in deciding Mr. Alberts's sentence, the court expressly identified and weighed several aggravating and mitigating factors.  As aggravators, the court discussed the nature and circumstances of Mr. Alberts's crime, observing that it involved images of very young children and "fairly sophisticated" use of a special network that enabled him to access child

4

pornography on the internet anonymously.  The court highlighted the seriousness of Mr. Alberts's offense in terms of the harm done to child victims when child pornography is circulated.  The court emphasized the need for punishment and specific deterrence.  It also factored in his past sexual conduct with his younger relatives and his "long term" and "very serious" preoccupation with "sex with very young children."  The sentencing judge told Mr. Alberts "[y]our pattern of behavior over the years demonstrates to me you do pose a danger to the community and you need a period of time where you can receive the treatment that you should have."  The court also discussed mitigating factors.  Specifically, the court recognized the extensive abuse Mr. Alberts suffered as a child, as well as the mental health issues he experienced as a result of that abuse.  The court noted Mr. Alberts's long and decorated service in the military, as well as the impact the sentence would have on his family, including his daughter.

In light of all these circumstances, the District Court decided to sentence Mr. Alberts below his guideline range.  The court said that allowing § 2G2.2(b)(5) to raise Mr. Alberts's offense level by five "slightly overstates the seriousness of [his] offense conduct" because the sexual acts he engaged in with his younger relatives happened so long ago.  Thus, "after considering all the factors set forth in" 18 U.S.C. § 3553, the court sentenced Mr. Alberts to 120-months imprisonment.

## II. THE USSG § 2G2.2(b)(5) ENHANCEMENT

Mr. Alberts challenges the longer sentence he got on account of USSG § 2G2.2(b)(5) on three grounds. We address each argument in turn. In doing so, we review the District Court's findings of fact supporting the longer sentence for clear error. United States v. McGarity, 669 F.3d 1218, 1232 (11th Cir. 2012). The government "bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement." United States v. Askew, 193 F.3d 1181, 1183 (11th Cir. 1999). Further, whether a particular guideline enhancement applies to a given set of facts is a question of law we review de novo. McGarity, 669 F.3d at 1232.

A. SUFFICIENCY OF FACTS

First, Mr. Alberts says the government did not put forward sufficient evidence to justify giving him a longer sentence because of a "pattern of activity" as defined by § 2G2.2(b)(5). The PSR and the District Court applied this enhancement based on Mr. Alberts's own admission to law enforcement officers. As we've said, Mr. Alberts did not object at sentencing to the facts included in the PSR on this subject. Neither does he deny those facts on appeal, nor does he claim that his admission was mischaracterized. Instead, he argues his admission was not sufficient to support the enhancement because what he can recall about these

6

incidents from so long ago did not constitute "competent and reliable evidence" and it was not corroborated by other evidence.

Using the standard we must for reviewing these findings, there was enough evidence to support the District Court's decision to find a "pattern of activity." Although Mr. Alberts's admission was about events from 30 years ago, there was nothing else to suggest it was not reliable.  He argued below that his admission was "vague," but our review of the record does not convince us this is so. His admission included specific details about the acts he engaged in with his young relatives.  Beyond that, his admission was corroborated by other indicators of his long-standing preoccupation with incest and pedophilia, including the incest-related stories found on his thumb drive and his admission that he had been looking at child pornography for at least 15 years.  On this record, we cannot say we have a "definite and firm conviction" that the District Court's findings of fact regarding the § 2G2.2(b)(5) enhancement were erroneous.  See United States v. Foster, 155 F.3d 1329, 1331 (11th Cir. 1998).  The District Court did not clearly err in finding the government proved the factual basis for the enhancement by a preponderance of the evidence.  See Askew, 193 F.3d at 1183.

B.  TEMPORAL PROXIMITY

Second, Mr. Alberts says even assuming he engaged in sexual acts with his younger relatives when he was a teenager, this happened 30 years ago and is

therefore "too attenuated" and "egregiously too far into the past as a matter of law" to support a "pattern of activity" enhancement under USSG § 2G2.2(b)(5).  He concedes this argument is foreclosed by this Court's binding precedent in United States v. Turner, 626 F.3d 566, 572 (11th Cir. 2010) (holding that § 2G2.2(b)(5) "does not place a time limit on past instances of sexual abuse or exploitation a court may consider in finding a pattern of activity").  However he wishes to preserve the argument for further appellate review.  And so he has.

## C.  MINOR-ON-MINOR CONDUCT

As discussed earlier, USSG § 2G2.2(b)(5) increases a defendant's offense level by five levels if the defendant has ever "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor."  Mr. Alberts's third argument is that he should not be punished for a "pattern of activity" because he himself was a minor at the time of these earlier acts.  The question is whether acts of a defendant, done when he was a minor, can support the imposition of a longer sentence under USSG § 2G2.2(b)(5).  Both the Third Circuit and the Eighth Circuit have summarily affirmed district judges who enhanced a criminal defendant's sentence based on that defendant's juvenile conduct against other minors.  See United States v. Olfano, 503 F.3d 240, 243 (3d Cir. 2007); United States v. Woodard, 694 F.3d 950, 953–54 (8th Cir. 2012).  The Second Circuit also held that juvenile conduct against other minors can support a § 2G2.2(b)(5) enhancement,

8

but its opinion discussed this issue in some depth. United States v. Reingold, 731 F.3d 204 (2d Cir. 2013).

In Reingold, the Second Circuit reversed a district court's decision to "exclude[] from § 2G2.2(b)(5) consideration [] Reingold's first two sexual contacts with his half-sister on the ground that defendant was then himself a minor." Id. at 224. The Reingold court gave two reasons for its holding. First, § 2G2.2(b)(5)'s application notes define "sexual abuse or exploitation" to include conduct described in particular sections of Title 18, some of which contemplate imposing criminal penalties on minors. See USSG § 2G2.2 cmt. n.1. For example, the application notes say "sexual abuse or exploitation" includes conduct described in 18 U.S.C. § 2241, and that section makes it a crime to knowingly engage "in a sexual act with another person who has not attained the age of 12." 18 U.S.C. § 2241(c). The Second Circuit rightly acknowledged, "§ 2241(c) does not limit its coverage to offenders over the age of 18." Reingold, 731 F.3d at 225. So if minors can be prosecuted under § 2241, that means acts committed by a defendant when he was a minor can in turn support a § 2G2.2(b)(5) enhancement later on. See id. Second, the Reingold court observed that other provisions of the Guidelines explicitly condition their enhancements "on whether relevant offenses were adult convictions." Id. at 224–25. To the contrary, neither § 2G2.2(b)(5) nor its application notes "require consideration of a defendant's age at the time of past

instances of sexual abuse or exploitation." Id. at 225.  This also suggests that acts of sexual abuse or exploitation committed by minors against other minors can support an enhancement under § 2G2.2(b)(5).  See id.

We find the Second Circuit's reasoning in Reingold persuasive.  In particular, § 2G2.2(b)(5)'s application notes define "sexual abuse or exploitation" by explicitly referring to several code sections under which minors can be convicted.[1]  Nothing in § 2G2.2(b)(5) limits its application to adult conduct.  Our analysis therefore leads us to conclude that acts committed by defendants when they were minors may support a "pattern of activity" enhancement under USSG § 2G2.2(b)(5).

This conclusion does not, however, end our inquiry.  Although the "pattern of activity" sentencing enhancement can be supported by minor-on-minor conduct, it does not follow that all such conduct can support the enhancement.  Instead, only conduct that falls within one of the statutory sections referenced in the definition of "sexual abuse or exploitation" in § 2G2.2(b)(5)'s application notes can justify a "pattern of activity" enhancement.

---

[1] In addition to 18 U.S.C. § 2241, the definition of "sexual abuse or exploitation" in the application notes refers to 18 U.S.C. § 2243.  See USSG § 2G2.2 cmt. n.1.  Like § 2241, § 2243 criminalizes acts committed by minors.  Specifically, a person violates § 2243 if he knowingly engages in a sexual act with a minor who is (1) 12 to 15 years of age; and (2) at least four years younger than him.  See 18 U.S.C. § 2243(a).  Thus, a 16-year-old who knowingly engages in a sexual act with a 12-year-old could be convicted under § 2243.

For Mr. Alberts, his actions from 30 years ago fall within the reach of § 2G2.2(b)(5). Again, § 2G2.2(b)(5)'s application notes define "sexual abuse or exploitation" to include conduct described in 18 U.S.C. § 2241, and § 2241(c) makes it a crime to knowingly engage in a "sexual act" with someone younger than 12 years old. Mr. Alberts admitted to engaging in sexual acts[2] with his younger relatives on different occasions when he was "approximately" 16 years old. Section 2241(c) therefore criminalizes Mr. Alberts's juvenile conduct. As a result, that conduct can be used to support a "pattern of activity" enhancement under USSG § 2G2.2(b)(5).

### III.    REASONABLENESS OF THE SENTENCE

Mr. Alberts also argues his sentence is both procedurally and substantively unreasonable. We review the reasonableness of a sentence for abuse of discretion. Turner, 626 F.3d at 573. In reviewing whether a sentence is reasonable from a procedural standpoint, we must "ensure that the district court committed no significant procedural error" during sentencing. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008) (quotation omitted). A district court commits a procedural error if it considers an improper sentencing factor. See United States v. Vandergrift, 754 F.3d 1303, 1308 (11th Cir. 2014). For substantive

---

[2] 18 U.S.C. § 2246 defines "sexual act" as that term is used in § 2241 and other sections in Chapter 109A. The PSR shows that the acts Mr. Alberts engaged in with his younger relatives were "sexual acts" within the meaning of § 2246, and Mr. Alberts does not argue otherwise.

11

reasonableness, we review a defendant's sentence in light of the totality of the circumstances and the "purposes of sentencing stated in § 3553(a)." United States v. Moran, 778 F.3d 942, 982 (11th Cir. 2015) (quotation omitted). The § 3553(a) factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the applicable guideline range; and the need to reflect the seriousness of the offense, deter criminal conduct, and protect the public from the defendant's future crimes. See 18 U.S.C. § 3553(a). The weight assigned to any particular factor is within the discretion of the District Court, and we will reverse a sentence as substantively unreasonable only if "we are left with the definite and firm conviction" that the District Court "committed a clear error of judgment in weighing" the factors by arriving at a sentence "outside the range of reasonable sentences dictated by the facts of the case." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006), abrogated on other grounds by Kimbrough v. United States, 552 U.S. 85, 128 S. Ct. 558 (2007).

## A. PROCEDURAL REASONABLENESS

Mr. Alberts says his sentence is procedurally unreasonable under Tapia v. United States, 564 U.S. 319, 131 S. Ct. 2382 (2011), because the District Court improperly considered his need for rehabilitation as a sentencing factor. He points to the District Court's statement at sentencing that "[y]our pattern of behavior over the years demonstrates to me you do pose a danger to the community and you need

12

a period of time where you can receive the treatment that you should have."

Because Mr. Alberts did not make this objection below, we review for plain error

only.  See Vandergrift, 754 F.3d at 1307.  Thus, we will not reverse Mr. Alberts's

sentence as procedurally unreasonable unless he shows (1) the District Court erred;

(2) the error was plain; (3) the error affected his substantial rights; and (4) the error

"seriously affected the fairness, integrity, or public reputation of judicial

proceedings."  See id. (quotation omitted and alteration adopted).

In Tapia, the Supreme Court held the Sentencing Reform Act of 1984

prohibits federal courts from "imposing or lengthening a prison term in order to

promote a criminal defendant's rehabilitation."  564 U.S. at 321, 131 S. Ct. at

2385.  This circuit has expressly declined to limit Tapia to "situations where the

district court either (1) specifically tailors the length of a defendant's sentence to

permit completion of a rehabilitation program or (2) makes rehabilitation the

'dominant' factor in the sentencing court's calculus."  Vandergrift, 754 F.3d at

1310.  Instead, this Court applied Tapia to hold that a district court errs whenever it

"considers rehabilitation when imposing or lengthening a sentence of

imprisonment."[3]  Id.

---

[3] This limitation applies only to sentences of imprisonment.  Sentencing courts are permitted to consider a defendant's rehabilitative needs when imposing sentences of probation or supervised release.  Tapia, 564 U.S. at 330, 131 S. Ct. at 2390.  For example, a court can require a defendant to undergo psychological treatment as a condition of probation.  Id.

Here, in the course of discussing the factors it weighed in arriving at Mr. Alberts's prison sentence, the District Court told him that he "need[ed] a period of time where [he] can receive the treatment that [he] should have." Thus, the District Court erred by considering Mr. Alberts's need for rehabilitation as a factor in determining his prison sentence. Further, because our binding precedent clearly precludes consideration of rehabilitation when crafting a prison sentence, see id., that error was plain. See United States v. Aguillard, 217 F.3d 1319, 1321 (11th Cir. 2000) (per curiam) (holding that an error cannot be "plain" unless it is "clear under current law" (quotation omitted)).

However, the District Court's error did not affect Mr. Alberts's substantial rights. In order to affect a defendant's substantial rights, an error "must have affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778 (1993). A defendant cannot show that his substantial rights were impacted if his "rehabilitative needs clearly constituted only a minor fragment of the court's reasoning." Vandergrift, 754 F.3d at 1312 (quotation omitted). Here, the sentencing transcript shows that rehabilitation was merely an ancillary concern. In identifying the aggravating sentencing factors, the District Court's "primary considerations" were the seriousness of Mr. Alberts's offense, the need for punishment and specific deterrence, and the need to protect society from his dangerous actions. See id. Indeed, immediately before

14

announcing the sentence, the District Court re-emphasized all of these factors, but did not mention rehabilitation. Because Mr. Alberts has failed to show his sentence would have been different had the District Court not considered rehabilitation, we affirm his sentence as procedurally reasonable.

## B. SUBSTANTIVE REASONABLENESS

Mr. Alberts also argues his 120-month sentence is substantively unreasonable because the District Court should not have applied the "pattern of activity" enhancement under USSG § 2G2.2(b)(5). He says his guidelines range was erroneously inflated from 78–97 months to 135–168 months because of the enhancement, and that in light of his correct guidelines range (78–97 months), the District Court should not have given him a 120-month sentence.

As set out above, the District Court properly applied the § 2G2.2(b)(5) enhancement in this case. That means Mr. Alberts's guideline range was properly calculated to be 135 to 168 months, and his 120-month sentence is not substantively unreasonable. During Mr. Alberts's sentencing, the District Court considered the § 3553(a) factors and explicitly identified some of them, such as the nature of his offense, his history and past conduct, the applicable guideline range, the need for punishment and deterrence, and the need to protect the public. The court weighed the mitigating factors against the aggravating factors and decided that a downward departure from the guideline range would be appropriate, in part

because it thought the "pattern of activity" enhancement "slightly overstates" his crime.  We will not reverse a sentence as substantively unreasonable unless the District Court's weighing constituted a "clear error of judgment" that resulted in a sentence "outside the range of reasonable sentences."  Williams, 456 F.3d at 1363.  On this record, Mr. Alberts's below-guidelines sentence was not outside the range of reasonableness.

## IV.    CONCLUSION

We affirm Mr. Alberts's 120-month sentence.

**AFFIRMED.**