[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11931
Non-Argument Calendar
_____

D.C. Docket No. 7:14-cr-00051-HL-TQL-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIE HENDERSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 21, 2018)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Willie Henderson appeals his 93-month sentence, imposed upon resentencing, arguing that the sentence is procedurally unreasonable.  This is the second appeal to come before us involving Henderson's sentence.  After careful consideration, we affirm.

## I.

A federal grand jury indicted Henderson on multiple counts of dog-fighting, drug, and firearm offenses.  After he was charged in a nine-count indictment, Henderson pled guilty to two counts: (1) conspiracy to travel in interstate commerce in aid of unlawful activities and to sponsor and exhibit a dog in an animal-fighting venture, in violation of 18 U.S.C. §§ 371 and 1952, and 7 U.S.C. § 2156 (Count One), and (2) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Nine).  The district court accepted the plea, and the remaining counts were dismissed.

A probation officer prepared a presentence investigation report ("PSR") calculating Henderson's guideline range using the multiple-count adjustment rules of Chapter 3, Part D, of the Guidelines Manual.  The probation officer separated the offenses into three groups and determined the adjusted offense level for each group.  *See* U.S.S.G. §§ 3D1.1-3D1.3.  Ultimately, the probation officer concluded that a total offense level of 20 should be applied to Henderson.  Using a criminal history category of IV and a total offense level of 20, the probation officer

2

concluded Henderson's guideline range to be 51-63 months' imprisonment. Neither the government nor Henderson objected to the PSR.

During Henderson's original sentencing, the government asked for a sentence at the high end of the 51-63-month range, while Henderson asked for a sentence at the low end of the range. The district court asked the parties whether the sentences on the two counts should run concurrently or consecutively. The government responded that a consecutive sentence was warranted based on Henderson's past criminal history and the nature of his current criminal offense. Henderson argued that a consecutive sentence was not warranted but recognized it was within the court's discretion to impose a consecutive sentence.

The district court sentenced Henderson to the statutory maximum of 60 months as to Count One and 63 months (the high-end of the guideline range) as to Count Nine. In addition, the court ran the sentences partially consecutively—the sentence on Count Nine was to run concurrently with the final 30 months of the sentence on Count One, for a total sentence of 93 months' imprisonment. In support of that sentence, the court relied on Henderson's criminal record, which consisted of three felony drug offenses, four misdemeanor drug convictions, a felony firearms conviction, and a conviction for resisting an officer in a traffic offense. Henderson objected to the sentence because it ran partially consecutively and on both procedural and substantive grounds.

3

On appeal, Henderson asserted that the district court used the incorrect offense level when it rendered its sentence. Henderson claimed, and the government agreed, that his total offense level was actually 19, even though he was sentenced as if his total offense level were 20. The error occurred as a result of a miscalculation by the probation office when grouping the offenses under U.S.S.G. §§ 3D1.1-3D1.3. As a result, Henderson's guideline range based on a criminal history category of IV and a total adjusted offense level of 19 should have been 46-57 months, and not 51-63 months. Because of the sentencing error, we vacated the original sentence and remanded the case to the district court for resentencing.

On remand, the parties agreed that the original PSR was correct except for the calculation of the total offense level as 20 when it should have been 19. During the resentencing hearing, the district court recognized the correct guideline range of 46-57 months, based on a correct offense level of 19 and a criminal history category of IV.

The government noted that the facts and circumstances of the case remained the same and requested that the district court again impose a total sentence of 93 months' imprisonment. To achieve the sentence, the government asked that Henderson be sentenced to 57 months (the upper end of the guideline range) on each count, with Henderson serving 21 of the months of his two sentences concurrently.

Henderson asked for the district court to reconsider how it structured the sentence and sought a sentence of 87 months, to account for the six-month reduction under the new guidelines analysis. He argued that increasing his sentence by running the sentences on Counts One and Nine partially consecutively based on his criminal history would be improper "double counting" because his history had already been considered when determining the applicable guideline range. In addition, Henderson contended that an increased sentence would create an unwarranted disparity in sentence between himself and his co-defendant, who was sentenced to 16 months' imprisonment. Finally, Henderson's counsel opined that, in his experience, consecutive sentences are highly unusual.

After considering the parties' arguments, the district court sentenced Henderson on each of Counts One and Nine to a period of 57 months' imprisonment. The term of imprisonment as to Count Nine was to run concurrently with the final 21 months of the term as to Count One and consecutively thereafter, for a total term of imprisonment of 93 months. Thus, Henderson's sentence remained the same upon remand.

The district court noted that it was imposing the sentence outside the guideline range based on the nature and circumstances of the offenses, the history and characteristics of the defendant, and the seriousness of the offense, and to promote respect for the law and deter criminal conduct. The court also emphasized

5

that "Henderson was serving a term of probation for drug and firearm offenses at the time he committed the offenses in this case." Finally, the district court noted that it had considered Henderson's "extensive" prior criminal record that included "seven prior felony drug convictions, three prior misdemeanor drug convictions, and three prior felony firearms convictions."

Henderson again objected to the sentence on procedural and substantive grounds and renewed his disparity argument as to his co-defendant's sentence. The district court overruled Henderson's objections and entered an amended judgment on April 18, 2017, with an accompanying Statement of Reasons explaining the sentence. Henderson timely filed his appeal.

In this appeal, Henderson argues that his 93-month sentence is procedurally unreasonable for two reasons. First, he claims the district court's new sentence—which totaled the same 93-month term of imprisonment as his original sentence—was based on the same incorrect original guidelines error. Although Henderson agrees the district court sentenced him to the correct guidelines maximum of 57 months as to each count, he notes it allowed only 21 months to be served concurrently so that the total term of imprisonment is still 93 months. Henderson argues that because the 93-month aggregate was originally based on the incorrect maximum, the district court erred in structuring the sentences on remand to fit the same term. Put simply, Henderson asserts the prior incorrect range continued to

6

affect his sentence on remand.    Second, Henderson claims the district court procedurally erred by inadequately explaining its decision at resentencing.

## II.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  In determining whether a sentence is reasonable procedurally, we must "ensure that the district court committed no significant procedural error" during sentencing.  *United States v. Alberts*, 859 F.3d 979, 985 (11th Cir. 2017) (quoting *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008) (quotation omitted)); *see also Gall*, 552 U.S. at 51.  We may find a sentence to be procedurally unreasonable if the district court makes such errors as

> (1) failing to calculate (or improperly calculating) the guideline range, (2) treating the Guidelines as mandatory, (3) failing to consider the . . . factors [set out in 18 U.S.C. § 3553(a)], (4) selecting a sentence based on clearly erroneous facts, or (5) failing to adequately explain the chosen sentence—including an explanation for any deviation from the guideline range.

*United States v. Dougherty*, 754 F.3d 1353, 1358-59 (11th Cir. 2014) (citation omitted).

The Supreme Court has made clear that the federal Guidelines are the sentencing court's "starting point and . . . initial benchmark."  *Gall*, 552 U.S. at 49. Consequently, federal courts "'*must* begin their analysis with the Guidelines and

remain cognizant of them throughout the sentencing process.'" *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) (quoting *Peugh v. United States*, 569 U.S. 530, 541 (2013)) (emphasis in *Molina-Martinez*). The Guidelines have been described as "the framework for the sentencing proceedings" and "anchor . . . the district court's discretion." *Id.* (quoting *Peugh*, 569 U.S. at 542, 549). So a district court that "improperly calculate[es] a defendant's Guidelines range . . . has committed a significant procedural error." *Id.* (citation and internal quotation marks omitted).

But the Supreme Court has also made clear that the Guidelines serve as only one factor that courts must consider in determining an appropriate sentence. *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). A district court may "tailor the sentence in light of other statutory concerns as well." *Id.* at 101 (citation omitted). Consequently, district courts may vary upward from the Guidelines. Moreover, a district court's acknowledgment that it has considered the § 3553(a) factors and the parties' arguments is sufficient. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). It is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or discuss each of them. *Id.* Where a district court imposes an upward variance, however, it must have a justification compelling enough to support the degree of the variance. *Gall*, 552 U.S. at 50.

8

**III.**

First, Henderson claims the district court committed procedural error because on remand it based its new sentence on the original guideline error. We disagree. True, the district court handed down the same sentence after the case was remanded. But the record reflects no procedural error, and it shows consideration of the accurate guideline range.

At Henderson's resentencing hearing, the district court recognized this Court's remand instructions and noted the error in the initial guideline calculation. The district court's remarks during resentencing reveal that it did not base its new sentence on the initial erroneous guideline range. Instead, it explained that it based Henderson's new 93-month sentence on the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, the promotion of respect for the law, and the deterrence of criminal conduct. *See* 18 U.S.C. § 3553(a).

During resentencing, the district court explained,

> The Court has considered the presentence report prepared following your guilty plea *and the changes mandated by the Circuit Court of Appeals*, and the Court again accepts the plea agreement in this case and adjudicates you guilty of Counts 1 and 9 of the indictment. *The advisory sentencing range is 46 to 57 months, considering an offense level of 19 and a Criminal History Category of IV.*

> In imposing the sentence in this case, the Court has considered the advisory sentencing range and the sentencing factors found at 18 U.S.C. 3553(a) and has made an individualized assessment of the facts presented. The Court has determined that a sentence within the advisory sentencing range is inappropriate in this case. Therefore, the Court will impose a sentence outside the advisory guideline system.

The district court's explanation makes clear that it based the new sentence on the correct guideline range—46-57 months.

The Statement of Reasons issued by the district court on resentencing also demonstrates that the court did not base its new sentence on a misreading of the Guidelines. In this document, the district court specifically acknowledged its error in imposing the original sentence: "The one (1) level increase in the offense level at paragraph 71 [of the PSR] does not apply." The court then sentenced Henderson on each of the two counts at the upper end of the correct guideline range.

While the court arrived at the same sentence as it did initially, it did not do so by failing to consider the proper guideline range or erroneously basing the new sentence on the original guideline error. Rather, the district court began with the appropriate guideline range and ran the sentences partially consecutively to arrive at a 93-month term of imprisonment. As the Supreme Court has explained, "[e]ven if the sentencing judge sees a reason to vary from the Guidelines, 'if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, *then the Guidelines are in a real sense the basis for the sentence*.'" *Molina-*

*Martinez*, 136 S. Ct. at 1345 (quoting *Peugh*, 569 U.S. at 542) (emphasis in *Molina-Martinez*).  And, contrary to Henderson's suggestion, the district court was within its discretion to impose on remand the same sentence even though the guideline range changed.  *See e.g., United States v. Rosales-Bruno*, 789 F.3d 1249, 1257 (11th Cir. 2015) (rejecting criminal defendant's implicit assumption that the district court was required to impose a lower sentence at resentencing because the guidelines range had been lowered).

## IV.

Second, Henderson claims that the district court committed procedural error because it failed to provide an adequate explanation for his sentence.  Although Henderson specifies that he appeals his sentence on procedural grounds only, the government construes the challenge as one on substantive grounds as well.  We agree that, as argued, Henderson's challenge to the adequacy of the district court's explanation is in part a challenge to the substantive reasonableness of the sentence. We therefore address the applicable standard when addressing a criminal defendant's claim that his sentence is substantively unreasonable.

We review the substantive reasonableness of a sentence for abuse of discretion, examining the totality of the circumstances and the "purposes of sentencing stated in § 3553(a)."  *Alberts*, 859 F.3d at 985 (citing *United States v. Moran*, 778 F.3d 942, 982 (11th Cir. 2015) (quotation omitted)).  The § 3553(a)

factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the applicable guideline range; and the need to reflect the seriousness of the offense, deter criminal conduct, and protect the public from the defendant's future crimes. *See* 18 U.S.C. § 3553(a). The weight assigned to any particular factor is within the discretion of the district court. *Alberts*, 859 F.3d at 985.

This abuse-of-discretion standard allows a range of choice, as long as the choice does not "constitute a clear error of judgment." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (citation and quotation marks omitted). Abuse of discretion can be shown when the district court "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (citation omitted). When determining the substantive reasonableness of the sentence imposed, we give due deference to the district court's decision that the 18 U.S.C. § 3553(a) factors justify the extent of the variance. *United States v. Hayes*, 762 F.3d 1300, 1307 (11th Cir. 2014). We will vacate the sentence only if we are "'left with the definite and firm conviction that the district court committed a clear error of judgment . . . by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *Irey*, 612 F.3d at 1190 (quoting *Pugh*, 515 F.3d at 1191).

We will not set aside a sentence merely because we would have decided to impose a different sentence. *Id.* at 1191 (citation omitted).

Turning back to Henderson's contention that the district court erred because it failed to provide an adequate explanation for his sentence, we disagree. A sentencing judge is required to set forth enough of an explanation to satisfy this Court that he considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority. *Rita v. United States*, 551 U.S. 338, 356 (2007). What is enough depends on the circumstances of the case. *Id.*

Here, the district court explained its reasoning for the sentence as follows:

> The Court has imposed a sentence outside the guideline system based on the nature and circumstances of the offenses and the history and characteristics of the defendant.
>
> The Court notes that Mr. Henderson was serving a term of probation for drug and firearm offenses at the time he committed the offenses in this case. That probation term was later revoked and he was serving a revocation sentence in Suwannee County, Florida, Circuit Court Docket Number 03-CF-171 at the time of the original sentencing in this case.
>
> The Court has also considered the defendant's extensive prior criminal record that includes but is not limited to seven prior felony drug convictions, three prior misdemeanor drug convictions, and three prior felony firearms convictions.
>
> The sentence is also imposed to reflect the seriousness of the offenses, to promote respect for the law, and to afford deterrence to criminal conduct. In fashioning an

13

appropriate sentence, the Court has considered the totality of the circumstances and the defendant's extensive prior criminal record.

Although Henderson urges this Court to find the district court's explanation to be "cursory," in fact, the explanation is legally sufficient. The district court is not required to explicitly discuss each of the § 3553(a) factors. *United States v. Docampo*, 573 F.3d 1091, 1100 (11th Cir. 2009). Nor must the court give all of the § 3553(a) factors equal weight. The sentencing court "is permitted to attach great weight to one factor over others." *Rosales-Bruno*, 789 F.3d at 1254 (citation and internal quotation marks omitted). And it is within the discretion of the sentencing court to decide how much weight to assign a particular sentencing factor. *Id.* (citation omitted).

Here, the district court made clear that it imposed the sentencing variance based on Henderson's record, which included, but was not limited to, "seven prior felony drug convictions, three prior misdemeanor drug convictions, and three prior felony firearm convictions." The court also found significant that Henderson was serving a term of probation for drug and firearm offenses at the time he committed the dog-fighting and gun offenses in this case. In addition, the court noted that by the time Henderson was sentenced in this case, the State of Florida had revoked his probation in another state criminal case. This was not, as Henderson suggests, a cursory explanation. And it was within the district court's discretion to give

14

significant weight to Henderson's criminal history.  *See United States v. Williams*, 526 F.3d 1312, 1323–1324 (11th Cir. 2008) (per curiam) (holding that the weight given to any specific § 3553(a) factor is within the district court's discretion and that consideration of previous offenses "fits squarely into one of the § 3553(a) factors, the history and characteristics of the offender").  The district court's explanation was sufficient to justify Henderson's 93-month sentence on remand.  *See Gall*, 552 U.S. at 50.

As for Henderson's assertion that the district court's sentence amounts to improper double counting, we also disagree.  The PSR shows that many of Henderson's prior criminal convictions were not given criminal history points, so they did not factor into his criminal-history category.  The district court permissibly recognized that the guideline range did not fully account for all of Henderson's criminal history.  And it explicitly noted in its Statement of Reasons that Henderson's record included "prior firearm convictions that were not used to calculate the criminal history category."  We have upheld upward variances based on the defendant's prior criminal history even where the crimes were included in the calculation of the guideline range.  *See Williams*, 526 F.3d at 1324.  *See also Rosales-Bruno*, 789 F.3d at 1261 (noting the "broad leeway" district courts have in deciding how much weight to give prior crimes committed by the defendant).

Henderson also contends that the district court did not account for the disparity between his sentence and that of his co-defendant, who received a 16-month sentence. Section 3553(a)(6) requires district courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." But Henderson and his co-defendant were not similarly situated. Henderson's co-defendant did not plead guilty to a firearms offense and, significantly, he had no criminal history. Nor was Henderson's co-defendant on probation at the time he committed the offenses. *Id.* These facts sufficiently distinguish the two defendants, and the district court was within its discretion to overrule Henderson's disparity objection on this ground. As we have noted, a "well-founded" claim of disparity "assumes that apples are being compared to apples." *Docampo*, 573 F.3d at 1101 (citation omitted).

Finally, the sentence imposed is not substantively unreasonable. The sentence on each count is materially lower than the statutory maximum, an indication of reasonableness. And we cannot say that the district court abused its discretion in choosing to emphasize the fact that Henderson was serving a term of probation for drug and firearm offenses at the time he committed the dog-fighting and gun offenses in this case and that by the time he was sentenced in this case, the State of Florida had revoked his probation in another state criminal case.

16

## V.

In sum, the district court committed no procedural or substantive error.  It correctly calculated the applicable guideline range on remand, allowed the parties to present arguments as to what they believed an appropriate sentence would be, considered the § 3553(a) factors, and adequately explained its reasoning for imposing the sentence.  We therefore affirm.

**AFFIRMED.**