[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13859
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00251-RWS-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUBER MORENO-ASPRILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 9, 2018)

Before TJOFLAT, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Huber Moreno-Asprilla appeals the 50-month sentence imposed after he pled guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). Moreno-Asprilla contends his sentence is substantively unreasonable because the district court relied on an impermissible sentencing factor—namely his 2009 illegal reentry sentence—to establish a floor for his present sentence. *See United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009) ("A sentence may be substantively unreasonable if a district court . . . based the sentence on impermissible factors.").[1] After review,[2] we affirm.

"The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the

---

[1] Consideration of an impermissible factor has been described as procedural error elsewhere in our precedent. *See, e.g.*, *United States v. Alberts*, 859 F.3d 979, 985 (11th Cir. 2017) ("A district court commits a procedural error if it considers an improper sentencing factor."). But because Moreno-Asprilla presents the error as substantive, we consider it as such.

[2] The reasonableness of a sentence is generally reviewed under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We consider whether the district court imposed a substantively reasonable sentence in light of the totality of the circumstances and the § 3553(a) factors. *Id.* Notably, this Court has never decided whether plain error review applies to substantive reasonableness challenges; however, we need not do so here because Moreno-Asprilla has not satisfied the less exacting abuse-of-discretion standard.

defendant.  18 U.S.C. § 3553(a)(1), (2)(A)–(C).  The court should also consider the kinds of sentences available, the applicable guideline range, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(3)–(4), (6)–(7).  The weight given to any one § 3553(a) factor is left to the district court's sound discretion.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  We reverse only if left with the "firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (quotation omitted).

Here, the district court sentenced Moreno-Asprilla within the guidelines. We ordinarily expect, without presuming, that a sentence within the guideline range is reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Moreno-Asprilla nonetheless contends the district court abused its discretion by treating Moreno-Asprilla's prior sentence as a mandatory floor.  We disagree.   The district court did remark that he had "a hard time sentencing someone for committing a crime the second time to less time than they got for committing it the first time."  However, this remark does not reflect the use of Moreno-Asprilla's prior sentence as a floor; rather, the district court appropriately looked to the fact that Moreno-Asprilla's prior sentence did not deter him from illegally re-entering

the country.  Nor did the district court give unreasonable weight to the need to deter Moreno-Asprilla—it also considered his history and characteristics, the need to deter others from engaging in the same conduct, and the need to avoid a sentencing disparity.  In reaching Moreno-Asprilla's sentence, which was within the guidelines range and well below the statutory maximum, the  district court reasonably weighed the facts in light of the 18 U.S.C. § 3553(a) factors.  Accordingly, we affirm.

**AFFIRMED.**