[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10489
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-20459-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YOVANNY ANTHONY VARGAS,
a.k.a. Nani,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 3, 2018)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Yovanny Vargas appeals his sentence after pleading guilty to one count of

possession of a firearm after having been convicted of a felony, in violation of 18

U.S.C. § 922(g)(1).  Vargas had brought a stolen gun with him when he went to sell a small amount of crack cocaine.  He and the buyer argued over cost, and Vargas grabbed the gun from his waistband and fired two shots at the buyer's legs, intending to "make him dance a little," not to hit him.  However, the second bullet struck the buyer's thigh.  Vargas fled the scene and ditched the gun under a car. The gun was found and turned over to police the following day, and Vargas turned himself in to police the day after that.

Using the Sentencing Guidelines, the district court scored this conduct and Vargas's criminal history and calculated a total offense level of 27 and a criminal history category of V.[1]  This established a guideline range of 120 to 150 months of imprisonment, which was reduced to a "range" of 120 months due to the statutory maximum sentence of 10 years.  *See* 18 U.S.C. § 924(a)(2).  Neither party objected to the guideline calculations.  The district court sentenced Vargas to 110 months, emphasizing the seriousness of the offense conduct and the need for the sentence to protect the public.  Vargas now appeals that sentence.

We review a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  In conducting this review, we ensure that

---

[1] The district court assigned Vargas a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2).  He received a two-level enhancement under § 2K2.1(b)(4)(A) because the gun was stolen and a four-level enhancement under § 2K2.1(b)(6)(B) because he used the gun while committing another felony offense.  After a three-level reduction for acceptance of responsibility under § 3E1.1(a) and (b), the total offense level was 27.  He had a total of 12 criminal history points, which placed him into criminal history category V.

the sentence is both free from significant procedural error and substantively reasonable. *Id.*

The district court at sentencing is tasked with imposing a "sentence sufficient, but not greater than necessary," to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). On its way to imposing sentence, the court must do several things. It must accurately calculate the guideline range, allow the parties to argue for whatever sentence they deem appropriate, consider all of the factors listed in § 3553(a), make an individualized assessment based on the facts presented, and then adequately explain the chosen sentence. *Gall*, 552 U.S. at 49–50. The failure to do any of these things may constitute "significant procedural error" warranting reversal. *Id.* at 51.

If the sentence is procedurally sound, we then evaluate the substantive reasonableness of the sentence by considering the totality of the circumstances and whether the sentence achieves the sentencing purposes stated in § 3553(a). *Id.* Ordinarily, "we will reverse a sentence as substantively unreasonable only if we are left with the definite and firm conviction that the [d]istrict [c]ourt committed a clear error of judgment in weighing the factors by arriving at a sentence outside the range of reasonable sentences dictated by the facts of the case." *United States v. Alberts*, 859 F.3d 979, 985 (11th Cir. 2017) (quotation marks omitted). A district court's unjustified reliance on any one § 3553(a) factor may be indicative of an

3

unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006). The party challenging the sentence bears the burden of showing that the sentence is unreasonable in light of the record, the § 3553(a) factors, and the substantial deference afforded sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

Vargas contends that his sentence is both procedurally and substantively unreasonable. He argues that the district court procedurally erred because its explanation fails to show that it considered significant mitigating factors, including his intellectual and mental impairment, his heavy and sustained drug and alcohol abuse, and his complete and consistent remorse for his conduct. Vargas says that the court's explanation is insufficient for meaningful review because it does indicate what weight the court gave these factors. He further argues that, in light of these same mitigating factors, the sentence is substantively unreasonable.

The adequacy of the district court's explanation depends upon the circumstances of the case, and "[t]he law leaves much, in this respect, to the judge's own professional judgment." *Rita v. United States*, 551 U.S. 338, 356 (2007). "A sentencing court is not required to incant the specific language used in the guidelines or articulate its consideration of each individual § 3553(a) factor, so long as the record reflects the court's consideration of many of those factors." *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010) (quotation marks

omitted). The court must set forth enough to satisfy us that it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Id.* (quotation marks omitted).

Here, Vargas has not shown that the district court committed significant procedural error. The court listened to the parties' arguments regarding an appropriate sentence, including Vargas's arguments in mitigation, and heard from Vargas, who expressed remorse for his conduct. The court then imposed a sentence that clearly reflected consideration of the § 3553(a) factors. The court explained that Vargas's criminal history was significant. It further stated that, while much of his prior criminal activity was "petty" and connected to his drug use, his criminal activity appeared not only to be escalating but escalating into violence. In this respect, the court noted that Vargas had conducted an armed drug transaction and that he could have killed someone with a stray bullet. And in light of that conduct and Vargas's history of drug-related criminal activity, the court was concerned about the possibility of future violent incidents.

These statements demonstrate the district court's consideration of the nature and circumstances of the offense, Vargas's significant criminal history and drug addiction, and the need for the sentence to reflect the seriousness of the offense and to protect the public from further crimes by Vargas. *See* 18 U.S.C. § 3553(a)(1), (2)(A), & (2)(C). While the court did not expressly reference the mitigating factors

cited by Vargas, the record demonstrates that the court considered the parties' arguments and the § 3553(a) factors and had a reasoned basis for imposing a sentence of 110 months. *See Ghertler*, 605 F.3d at 1262.

Furthermore, that sentence is substantively reasonable. Vargas received a sentence below the guideline range, which we ordinarily expect to be reasonable. *See United States v. Croteau*, 819 F.3d 1293, 1309–10 (11th Cir. 2016) ("We do not presume that a sentence falling within the guidelines range is reasonable, but we ordinarily expect it to be so."). And here, the most troubling aspects of Vargas's offense conduct were not directly accounted for in the guideline range.

As the district court emphasized, the offense conduct was extremely serious. Vargas conducted an armed drug transaction during which he shot at another person, striking his leg. Even accepting he did not intend to hit the victim, his conduct was violent and reckless and carried with it the potential for serious physical injury or death. Along with Vargas's extensive criminal history, these facts fully support the court's decision to impose a sentence near the statutory maximum yet below the guideline range in order to reflect the seriousness of the offense conduct and to protect the public from further crimes by Vargas. The district court's decision to give greater weight to these factors than to the mitigating factors cited by Vargas was well within the court's discretion. *See Rosales-Bruno*, 789 F.3d at 1254 ("The decision about how much weight to assign

a particular sentencing factor is committed to the sound discretion of the district court." (quotation marks omitted)).

The record contradicts Vargas's claim that the district court failed to conduct an "individualized assessment" and relied too heavily on the potential but unrealized consequences of his firing the gun at the victim. As we have noted above, the court's justification for the sentence clearly incorporated specific facts about Vargas's criminal history, his personal characteristics, and the nature and circumstances of the offense. Nor did the court unreasonably focus on the potential for an errant bullet to strike someone else. The court's comments merely reflect its justified concern about the seriousness of Vargas's conduct and the potential for future violent, criminal behavior.

In sum, given the substantial deference afforded sentencing courts, Vargas has not shown "that the [d]istrict [c]ourt committed a clear error of judgment in weighing the factors by arriving at a sentence outside the range of reasonable sentences dictated by the facts of the case." *Alberts*, 859 F.3d at 985. Accordingly, we affirm Vargas's sentence as both procedurally and substantively reasonable.

**AFFIRMED.**