[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12140

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAVID SHELBY MARTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:10-cr-14052-DLG-1

_____

Before JORDAN, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

David Martin appeals his lifetime term of supervised release. He argues that the district court failed to adequately state the reasons for imposing the lifetime term of supervised release and that the lifetime term of supervised release was substantively unreasonable. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 27, 2010, Martin was indicted for two counts of receiving and possessing child pornography. Martin agreed to plead guilty to the first count for receipt of child pornography.

Before his sentencing hearing, the United States Probation Office prepared a presentence investigation report. The presentence report detailed that Martin had possessed thousands of images and a substantial number of videos of child pornography, some of which depicted children engaged in bestiality and sadomasochistic activity.

At the sentencing hearing, the district court sentenced Martin to 120 months' imprisonment followed by a lifetime of supervised release. Martin's conditions of supervised release required that he submit a truthful and complete report to the probation officer each month, that he not commit another federal, state, or local crime, and that he not associate with anyone convicted of a felony.

In response to petitions from the probation office, the district court twice modified Martin's conditions of supervised release. The first modification—which was made with Martin's consent a few days into his supervised release term—added a computer possession restriction, prohibiting Martin from possessing or using any computer except with prior court approval for use in connection with authorized employment. The second modification—which was done with Martin's consent in November 2019—imposed 180 days of home detention as a sanction for Martin associating with a convicted felon and failing to report that association on his monthly supervision report.

In June 2021, the probation office petitioned the district court for a warrant, alleging that Martin had violated the terms of his supervised release. The petition explained that the Martin County Sheriff's Office had received an anonymous tip that Martin "was obsessed with his girlfriend's [twelve]-year-old daughter" and that Martin possessed a phone that he was hiding from his probation officer. Detectives spoke to Martin, who admitted that he knowingly possessed an unauthorized personal smartphone and that he had deleted the phone's contents, performed a master reset, and hidden the phone. The detectives arrested Martin, and he confessed that he had received pornographic images of two women on the phone. The detectives contacted Martin's employer, which advised the detectives that Martin also had another smartphone that the employer had issued to him for business purposes. The employer had performed a master reset on the smartphone in April 2021 to install additional software for the business. Martin had not

received approval from the district court to use a smartphone for his employment.

Based on this conduct, the state charged Martin with two counts of failure of a sex offender to report a change in information, in violation of Florida law. And Martin was convicted in Florida state court.

While Martin was serving his sentence for the state offenses, the district court held a revocation hearing to address the probation office's petition. The petition alleged that Martin committed six violations of his supervised release: (1) Martin violated the law when he failed to report his personal smartphone number; (2) Martin violated the law when he failed to report the business smartphone number; (3) Martin violated the prohibition on possessing a computer when he acquired the personal smartphone; (4) Martin violated the prohibition on possessing a computer when he possessed the business smartphone; (5) Martin failed to submit a truthful and complete report on multiple occasions when he failed to report the personal smartphone; and (6) Martin failed to submit a truthful and complete report on multiple occasions when he failed to report the business smartphone. Martin admitted he committed the six violations.

At the sentencing hearing, the government sought an eight-month prison term consecutive to his terms for the state offenses, followed by a lifetime term of supervised release. It focused its argument on two of the 18 U.S.C. section 3553(a) factors—the nature and circumstances of the violations and the need for specific

deterrence—asserting that they weighed in favor of the requested sentence. The government argued that wiping his phone clean and hiding it from law enforcement "display[ed] a certain level of consciousness of guilt," and that imposing a lifetime supervised release term would ensure Martin was unable to repeat his criminal activity again.

Martin sought a low-end guideline range sentence followed by a term of supervised release of five-to-ten years. He argued that a lifetime term would be greater than necessary to fulfill the purposes of the section 3553(a) factors. He also argued that his family support, his character trait for selflessness, and the need for access to a phone in the workplace in the digital age all weighed in favor of a shorter term of supervised release. And he pointed out that there was no evidence of any impropriety with the twelve-year-old girl, aside from the anonymous tip. In his allocution, Martin told the district court that he did not intend to violate the terms of his supervised release, but he decided to obtain the work phone because he "felt it was necessary to keep my job, as it is essential to my new position." He said that he was integrating himself back into society, establishing a relationship with his children. Martin added that "I'm proud of the man I am and will continue to be" and that "I'm just a guy making the best of a negative situation" who wants "to put this behind him so he can move on and he can have a happy, productive life."

The district court imposed a sentence of four months' imprisonment to run consecutive to his imprisonment for the state

court offenses, followed by a lifetime of supervised release. The district court did so after it "carefully considered the statements of all parties and the information contained in the violation report." And it expressly imposed the sentence "[p]ursuant to the Sentencing Reform Act of 1984."

In explaining why it imposed the sentence, the district court said that it was "concerned about [Martin's] full acceptance of responsibility." The district court observed that Martin's statement focused on his work phone, but not the additional personal smartphone. If the case had been about only the work phone, the district court noted that the probation office probably would not have recommended a violation hearing, but "[t]his case is much more serious than that." The district court stressed the importance of making "sure that [the defendant] understands the gravity of what it is he is doing and not to try to excuse his conduct as something involving merely the use of a work phone." The district court also concluded that Martin's lengthy original prison term "did not deter subsequent misconduct."

Martin objected to the supervised release term as greater than necessary to fulfill the section 3553(a) factors. This appeal followed.

## DISCUSSION

Martin challenges his sentence for a term of lifetime supervised release on two grounds. First, he argues that the district court failed to adequately state its reasons for imposing the lifetime term of supervised release. Second, he contends that the lifetime term

of supervised release was substantively unreasonable.  We address each argument in turn.

### A.

Martin first argues that the district court failed to adequately explain its reasons for imposing the lifetime term of supervised release.  We review a challenge to a district court's failure to adequately state its reasons for a supervised release term de novo. *United States v. Hamilton*, 66 F.4th 1267, 1274–75 (11th Cir. 2023).

Under 18 U.S.C. section 3553(c)(1), the district court "shall state in open court the reasons for its imposition of the particular sentence," and if the sentence is within the guideline range but exceeds 24 months, then the court shall also state "the reason for imposing a sentence at a particular point within the range."  18 U.S.C. § 3553(c)(1).  We have explained that section 3553(c)(1)'s requirement applies to terms of supervised release imposed by a district court. *See Hamilton*, 66 F.4th at 1275.  For a violation of 18 U.S.C. section 2252, the range for a term of supervised release is between five years and life. *See* 18 U.S.C. § 3583(k).

To adequately state its reasons, the district court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007) (citing *United States v. Taylor*, 487 U.S. 326, 336–37 (1988)).  The district court's explanation may be "brief," and when evaluating the explanation's adequacy, "we do not rely solely on the court's summary statement at the close of the hearing but will

instead review 'the transcript of the sentencing hearing'" as a whole. *Hamilton*, 66 F.4th at 1275 (second quote from *United States v. Parrado*, 911 F.2d 1567, 1573 (11th Cr. 1990)). The district court need not "state on the record that it has explicitly considered each of the [section] 3553(a) factors or discuss each of them." *Id.* at 1274–75 (citing *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013)). The district court's explanation will suffice "if it acknowledges that it considered the defendant's arguments and the [section] 3553(a) factors." *United States v. Grushko*, 50 F.4th 1, 17–18 (11th Cir. 2022) (citing *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2018)).

Here, the district court adequately stated its reasons for imposing a lifetime term of supervised release. For one thing, the district court "carefully considered the statements of all parties," including Martin, and it expressly imposed the sentence "[p]ursuant to the Sentencing Reform Act of 1984," which enacted section 3553(a). *See* Sentencing Reform Act of 1984, Pub. L. No. 98-473, Sec. 212(a), 98 Stat. 1837 (1984) (codified at 18 U.S.C. § 3553(a)). By doing so, the district court "acknowledge[d] that it considered the defendant's arguments and the [section] 3553(a) factors," which means that its explanation was sufficient to adequately explain the reason for imposing the lifetime term of supervised release. *Grushko*, 50 F.4th at 17–18 (citing *Gonzalez*, 550 F.3d at 1324).

Moreover, the district court provided reasons that reflect several of the section 3553(a) factors: the nature and circumstances of the offense, Martin's history and characteristics, the offense's

seriousness, and the need for deterrence of criminal conduct. *See* 18 U.S.C. 3553(a)(1)–(2). The district court explained that this case was about conduct "much more serious" than merely using a work phone, and that it was "concerned about [Martin's] full acceptance of responsibility" when his allocution was focused merely on the work phone, not the personal smartphone. And the district court recognized that Martin's lengthy original prison term "did not deter subsequent misconduct." This analysis—on top of the district court's acknowledgement that it was making its decision pursuant to the Sentencing Reform Act and after consideration of the parties' arguments—satisfies us that the district court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita*, 551 U.S. at 356 (citing *Taylor*, 487 U.S. at 336–37).

Martin's invocation of our decision in *United States v. Livesay*, 525 F.3d 1081 (11th Cir. 2008), does not change our conclusion. In *Livesay*, we addressed a sentence imposed that was a significant variance from the guideline range and for which the district court "gave no reasoning or indication of what facts justified such a significant variance." *Id.* at 1093. Here, unlike in *Livesay*, the term of supervised release was within the range of five years to life, and the district court provided reasons for why it imposed the term that it did. In short, the district court adequately explained its reasoning for imposing the lifetime term of supervised release.

B.

Martin also argues that his sentence was substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

A district court can abuse its discretion if it fails to afford consideration to relevant factors that were due significant weight, significantly weighs improper or irrelevant factors, or commits a clear error of judgment by weighing the factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010). In assessing the substantive reasonableness of a sentence, we must keep in mind that "the weight to be accorded any given [section] 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *Kuhlman*, 711 F.3d at 1327 (cleaned up and citation omitted). The district court is "permitted to attach 'great weight' to one factor over others." *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) (citing *Gall*, 522 U.S. at 57; *United States v. Pugh*, 515 F.3d 1179, 1192 (11th Cir. 2008)). We will only reverse a sentence as substantively unreasonable "if we are left with the definite and firm conviction that the [d]istrict [c]ourt committed a clear error of judgment in weighing the factors by arriving at a sentence outside the range of reasonable sentences dictated by the facts of the case." *United States v. Alberts*, 859 F.3d 979, 985 (11th Cir. 2017) (cleaned up).

The district court did not abuse its discretion in imposing a lifetime term of supervised release. The district court explained that it was concerned about Martin accepting responsibility for his actions. It noted how "serious" Martin's violations were and that it was "very disturbed by the conduct in this case." The district court also considered its "obligation to try to protect the citizenry as best [it] can" and that the lengthy initial prison term "did not deter subsequent misconduct." This rationale adequately supports the district court's imposition of the lifetime term of supervised release.

Martin offers two counterarguments. First, he contends that the district court failed to consider his history and characteristics, including his postrelease accomplishments. But the district court *did* consider Martin's history and characteristics. It considered how Martin violated the terms of his supervised release despite a near decade-long original sentence. And the district court "carefully considered the statements of all parties"—which included Martin's statements about his postrelease accomplishments. So, despite Martin's protest that the district court "failed to adequately consider [his] history and characteristics" and "failed to account [for his] accomplishments in fashioning an appropriate release," the district court said it took Martin's circumstances into account.

And second, he argues that the district court did not weigh his mitigating circumstances "adequately" or in an "appropriate" manner. But the district court is "permitted to attach 'great weight' to one factor over others." *Shaw*, 560 F.3d at 1237 (citing *Gall*, 522

U.S. at 57; *Pugh*, 515 F.3d at 1192). And that's what it did. The court put more weight on the seriousness of Martin's violations, his threat to the community, and his lack of remorse, than it did to his postrelease accomplishments. We are not left with a "definite and firm conviction" that the district court improperly weighed the section 3553(a) factors. *Alberts*, 859 F.3d at 985. In short, we conclude that the district court did not abuse its discretion by imposing the lifetime term of supervised release.

**AFFIRMED.**