[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11772
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cr-00082-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN P. LOTHAMER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 26, 2018)

Before MARTIN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

John Lothamer pled guilty to distribution and attempted production of child
pornography, in violation of 18 U.S.C. §§ 2251(a) and 2252A(a)(2). For these

offenses, the district court sentenced him to 180 months of imprisonment followed by a life term of supervised release. Lothamer appeals, arguing that the life term of supervised release is substantively unreasonable, given his personal history, lack of a criminal record or physical contact with any minor, and low risk of recidivism. After careful review, we affirm.

We typically review the reasonableness of the district court's sentence of supervised release for an abuse of discretion. *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003). Both parties here, however, say that plain-error review applies because Lothamer did not address or object to the life term at sentencing. *See United States v. Carpenter*, 803 F.3d 1224, 1238 (11th Cir. 2015) (stating that we generally review arguments raised for the first time on appeal for plain error). Yet they do not cite any published case in which we have applied plain-error review to an appeal of the reasonableness of a term of supervised release. And in any case, we need not resolve whether plain-error review applies here because Lothamer cannot prevail even under our ordinary abuse-of-discretion standard.

In reviewing sentences for reasonableness, we ensure that the sentence is both free from any significant procedural error and "substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors." *United States v. Trailer*, 827 F.3d 933, 935–36 (11th Cir. 2016). Lothamer does not argue that the court

procedurally erred in sentencing him, and we see no error in that regard, so we consider only the substantive reasonableness of his sentence.

In general, the district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing. 18 U.S.C. § 3553(a). When including a term of supervised release, the court must determine the length of the term based on the purposes of deterrence, protection of the public, and rehabilitation, but not retribution. 18 U.S.C. § 3583(c); *see id.* § 3553(a)(2)(B)–(D). The court must also consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, and any relevant policy statements issued by the Sentencing Commission. *Id.* § 3553(a)(1), (5). The weight to be given each § 3553(a) factor is within the district court's sound discretion. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013).

"The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). Ordinarily, "we will reverse a sentence as substantively unreasonable only if we are left with the definite and firm conviction that the [d]istrict [c]ourt committed a clear error of judgment in weighing the factors by arriving at a sentence outside the range of reasonable sentences dictated by the facts

3

of the case." *United States v. Alberts*, 859 F.3d 979, 985 (11th Cir. 2017) (quotation marks omitted).

Here, Lothamer has not met his burden of showing that the district court abused its discretion by imposing a life time of supervised release. First, the governing statute authorized a life term. For sex offenses, including distribution and attempted production of child pornography, a district court must impose a term of supervised release of at least five years, and it may impose a term up to life. 18 U.S.C. § 3583(k). Additionally, as we noted in *United States v. Pugh*, Congress enacted § 3583(k) with the intent "to impose life terms of supervised release on sex offenders." 515 F.3d 1179, 1199 (11th Cir. 2009) (quotation marks omitted). Accordingly, the court's decision is consistent with § 3583(k).

Second, the district court's decision is also consistent with the guidelines. The Sentencing Commission has issued a policy statement recommending life terms of supervised release for sex offenses. U.S.S.G. § 5D1.2(b)(2) ("If the instant offense of conviction is a sex offense, . . . the statutory maximum term of supervised release is recommended."). Lothamer does not dispute that his convictions qualify as "sex offense[s]" within the meaning of this policy statement. The court was required to consider this policy statement in imposing the term of supervised release, *see* 18 U.S.C. § 3553(a)(5), which further supports the reasonableness of the district court's decision to impose a life term.

4

Third, the district court's imposition of a life term of supervised release is supported by the other § 3553(a) factors and the particular facts of Lothamer's case. Lothamer argues that a life term is too harsh in light of his general history and characteristics—including his veteran status, steady employment history, balanced family life, and lack of criminal record—as well as the relatively minor nature of the offenses, his lack of physical contact with minors, and his low risk of recidivism.

But the district court reasonably balanced these mitigating factors against other factors supporting a serious term of supervised release, and we will not second-guess the court's weighing decisions.  In particular, the court cited his repeated requests that a purported minor produce and send him pornographic images, his illicit chats with two real minors, his "daddy rules" that demonstrated experience in such a role, and his distribution of pornographic images to minors for the purpose of having them produce similar images.  This evidence, according to the court, reflected a "pattern of activity" of Lothamer "grooming minors" on the internet and "control[ing] children for [his] own sexual pleasure."  The court was entitled to weigh these factors more heavily and to conclude, consistent with what the guidelines recommend, that a serious term of supervised release was necessary to deter others, to protect the public, and to promote rehabilitation.  *See* 18 U.S.C. §§ 3553(a)(2)(B)–(D), 3583(k).

Finally, we note that Lothamer's life term of supervised release "can be shortened in the future by the district court." *Trailer*, 827 F.3d at 937. As we noted in *Trailer*, in upholding a life term of supervised release for failure to register as a sex offender, a defendant can both petition the district court "for modification of the conditions of supervised release" and "also seek early termination of his supervised release after he has served at least one year of the term." *Id.* at 937–38 (citing 18 U.S.C. § 3583(e)). If the district court denies such a motion, he may seek appellate review of that decision. *Id.* at 938.

For these reasons, we affirm the district court's decision to impose a life term of supervised release for Lothamer's child-pornography convictions.

**AFFIRMED.**