[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11663
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cr-00252-CEM-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH CHARLES DESORBO, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 10, 2019)

Before BRANCH, EDMONDSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Joseph Desorbo, Jr., appeals his above-guidelines 204-month sentence for possession of child pornography, arguing that the district court incorrectly applied the five-level sentencing guidelines enhancement for a pattern of activity involving the sexual abuse or exploitation of a minor and abused its discretion in varying upward from his guideline range.

I.

We review a district court's findings of fact supporting a sentencing enhancement for clear error and review whether a particular guideline enhancement applies to a given set of facts *de novo*.  *United States v. Alberts*, 859 F.3d 979, 982 (11th Cir. 2017).  In reviewing the district court's findings of fact, this Court gives substantial deference to the district court's credibility determinations at sentencing.  *United States v. Plasencia*, 886 F.3d 1336, 1343 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 837 (2019).  Arguments raised for the first time in a reply brief are abandoned.  *United States v. Moran*, 778 F.3d 942, 985 (11th Cir. 2015).

2

The Sentencing Guidelines impose a five-level enhancement to defendants "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G. § 2G2.2(b)(5). The government bears the burden of establishing the facts necessary to support a sentencing enhancement by a preponderance of the evidence. *Alberts*, 859 F.3d at 982. The guidelines define a "pattern of activity involving the sexual abuse or exploitation of a minor" as any two or more separate incidents of sexual abuse or exploitation of a minor regardless of whether the incident occurred during the course of the offense, involved the same minor, or resulted in a conviction. U.S.S.G. § 2G2.2, comment. (n.1). The guidelines further define "sexual abuse or exploitation" as conduct described in specified federal statutes, state offenses involving equivalent conduct, or an attempt or conspiracy to commit the specified offenses. *Id.* Among the specified statutes is 18 U.S.C. § 2243(a), which applies to anyone who knowingly engages in, or attempts to engage in, a sexual act with someone between the age of 12 and 16 years old or with anyone at least 4 years younger. *Id.*; 18 U.S.C. § 2243(a). The guidelines explicitly exclude possession of materials relating to the sexual abuse or exploitation of a minor from this definition. U.S.S.G. § 2G2.2, comment. (n.1).

Here, the district court properly applied the enhancement for a pattern of activity involving the sexual abuse or exploitation of a minor: the court's factual

findings that Desorbo had attempted to engage two minors for sex in 1998 and 2017 were not clearly erroneous findings.

## II.

We review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007). The party who challenges the sentence bears the burden of showing that the sentence was unreasonable considering the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

We must first confirm that the district court did not commit a significant procedural error, such as an improper guideline range calculation. *Gall*, 552 U.S. at 51. If the sentence was procedurally reasonable, this Court must next determine whether the sentence was substantively reasonable based on the totality of the circumstances. *Id.* The district court must impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the crime, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a), (a)(2)(A)-(C); *see also United States v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010)

(*en banc*).  The court must also consider "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  In considering these factors, the district court does not have to discuss each one individually but must acknowledge its consideration of the defendant's arguments and the § 3553(a) factors as a whole.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

We do not presume that a sentence outside the guideline range is unreasonable, but we must consider the extent of any variance and "give due deference to the district court's decision that the § 3553 factors, on a whole, justify the extent of the variance."  *United States v. Turner*, 626 F.3d 566, 573-74 (11th Cir. 2010).  When the district court decides after "serious consideration" that a variance is appropriate based on the § 3553(a) factors, it should explain that variance "with sufficient justifications."  *Gall*, 552 U.S. at 46-47.  The court's justification must be "compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review," but an "extraordinary justification" is not required for a sentence outside the guideline range.  *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotation omitted).  The district court may support its upward variance based on the same factors it considered in imposing an enhancement.  *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010).  A sentence well below the statutory maximum

"points strongly to reasonableness." *United States v. Nagel*, 835 F.3d 1371, 1377 (11th Cir. 2016).

We will only remand for resentencing when "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). The weight to be given each § 3553(a) factor is within the district court's sound discretion. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). Nevertheless, a district court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Id.* at 1326-27 (quoting *Irey*, 612 F.3d at 1189).

Here, the district court did not abuse its discretion in varying upward from Desorbo's guideline range. The court weighed Desorbo's possession of many sadistic videos and images of young children and his attempted sexual encounters with two minors against his family's and friends' support and his acceptance of responsibility. The court could reasonably conclude that Desorbo presented a significant danger to society that warranted a 36-month upward variance.

**AFFIRMED.**

6