[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-12996

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ABY RAUL RIVERA TORRES,

Defendant- Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00397-MSS-JSS-1

————————————————

Before JORDAN, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Aby Torres appeals his convictions and 110-year sentence for production, distribution, and possession of child pornography. Below, he moved to suppress evidence gathered from his cell phone, arguing that law enforcement had tasked his girlfriend's child to search his boat for the phone without a warrant, in violation of the Fourth Amendment. The district court did not abuse its discretion by declining to hold an evidentiary hearing when the facts alleged by Torres's motion did not entitle him to relief, and it did not clearly err by finding that the child was not acting as an agent of the government when searching his boat.

Separately, Torres argues that the district court erred by imposing two sentence enhancements: for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor under U.S. Sentencing Guidelines § 2G2.2(b)(5), and for engaging in a pattern of activity involving prohibited sexual conduct under § 4B1.5(b)(1). Neither enhancement constitutes reversible error. Accordingly, we affirm both Torres's convictions and his sentence.

**I.**

Torres, his girlfriend, and his girlfriend's two minor children shared a house together in Spring Hill, Florida. Law enforcement officials had learned from another criminal investigation that Torres was sharing child pornography through Kik, an instant-

message application.   Based on this information, they obtained warrants to search Torres, his cell phone, and the shared residence.

Torres's motion to suppress evidence obtained from his cell phone alleges that on November 13, 2021, officers conducting surveillance observed him in a boat parked on the driveway outside his house.  Three minor children, all under the age of thirteen, were standing in the yard.  One was Torres's girlfriend's eight-year-old daughter.  The officers arrested Torres, then asked the children if any of them had seen Torres with his cell phone.  The children led the officers into the house, saying they had seen Torres use his phone near the living room couches and recliners.

A search of the living room did not turn anything up, but Torres's girlfriend's daughter then stated that "she knew where to look" next.  She exited the house, entered the boat parked on the driveway, found the cell phone, and handed it over to the officers.  Investigators found over 600 images of child sexual abuse material on the phone, including multiple images of the child who discovered the phone—being sexually abused by a man.  When questioned by the police, Torres admitted that he had produced these images.

Before trial, Torres moved to suppress the cell phone and its contents, arguing that the child had acted as an agent of the government when searching his boat and that the cell phone was thus seized in an unconstitutional, warrantless search.  He also asked for an evidentiary hearing.  The district court denied the

motion to suppress without a hearing, finding that the child had not acted as the officers' agent.

During a bench trial, Torres renewed his objections to the introduction of the cell phone evidence, which the court again denied. The court then found Torres guilty on five counts of producing, distributing, and possessing child pornography in violation of 18 U.S.C. §§ 2251(a), (e) and 2252(a), (b).

At his sentencing hearing, Torres objected to two sentencing enhancements recommended by his presentence investigation report (PSI). *First*, the PSI recommended an enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor under U.S.S.G. § 2G2.2(b)(5) because, earlier in 2020, Torres had committed an aggravated sexual assault of a child in Galveston, Texas. *Second*, the PSI recommended a separate enhancement under U.S.S.G. § 4B1.5(b)(1) for being a repeat sex offender against minors, both because of the Texas sexual assault and because Torres had distributed images depicting sexual abuse of his Florida victim on at least three separate occasions. Torres objected to the factual bases for both enhancements as unsupported by the preponderance of the evidence.

After taking testimony from the mother of the victim involved in Torres's 2020 sexual assault, the court overruled Torres's objection to both enhancements. The court sentenced Torres to the statutory maximum for each count to be served

consecutively, for a total imprisonment term of 110 years.  Torres appeals.

## II.

On appeal, Torres argues that the district court erred when it found that his motion to suppress had not raised a genuine factual dispute as to whether the child who found the phone in the boat was acting as the government's agent when she did so.  He claims that he is entitled to both an evidentiary hearing on the issue, as well as to outright reversal of the denial of his suppression motion. We disagree on both counts.

A district court "may refuse a defendant's request for a suppression hearing and motion to suppress if the defendant fails to allege facts that, if proved, would require the grant of relief." *United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985).  We review a district court's refusal to hold an evidentiary hearing for abuse of discretion.  *United States v. Hill*, 643 F.3d 807, 874 (11th Cir. 2011).

When reviewing a denial of a motion to suppress, we review the court's factual determinations for clear error and questions of law de novo, construing the facts in the light most favorable to the prevailing party below.  *United States v. Thomas*, 818 F.3d 1230, 1239 (11th Cir. 2016).  Clear error review is deferential, and we will not invalidate a district court's findings unless we are left with a "definite and firm conviction" that it made a mistake.  *Id.* (quotation omitted).

The Fourth Amendment applies only to governmental action; a "search by a private person does not implicate the Fourth Amendment unless he acts as an instrument or agent of the government." *United States v. Steiger*, 318 F.3d 1039, 1045 (11th Cir. 2003). In this Circuit, for a private person to be considered an agent of the government for Fourth Amendment purposes, we look to two factors: "(1) whether the government knew of and acquiesced in the intrusive conduct, and (2) whether the private actor's purpose was to assist law enforcement efforts rather than to further his own ends." *Id.*[1] This is a factual inquiry, subject to review only for clear error on appeal. *See United States v. Ford*, 765 F.2d 1088, 1090 (11th Cir. 1985).

The district court did not clearly err by finding that, under the facts as alleged by Torres, the officers neither knew of nor acquiesced to the child's search of Torres's boat. Torres's motion to suppress alleges that while the three children and the officers were inside the house, one child "verbally stated to law enforcement officers she knew where to look for the Target

---

[1] The government argues that in order to meet the first prong of knowledge and acquiescence, the government agent must "affirmatively encourage, initiate or instigate" the private person's search. In support of this requirement, the government's brief cites only an unpublished case from this Circuit and a published case from the Tenth Circuit. *See United States v. Emile*, 618 F. App'x 953, 955 (11th Cir. 2015) (unpublished); *United States v. Smythe*, 84 F.3d 1240, 1243 (10th Cir. 1996). Neither is binding on this Court. Because we find that Torres has not met even the comparatively less demanding standard of knowledge and acquiescence, we need not address whether the government's stricter standard applies.

Cellphone next, left the Target Residence, entered the boat that was parked in the driveway outside of the Target Residence, and located and seized the Target Cellphone inside the boat near the helm." He does not allege either that the officers asked the child to search the boat or that the officers knew the child intended to search the boat when she left the house.

Under Torres's recounting, all the officers knew was that the child voluntarily left the house, not that she intended to search the boat. With no suggestion "that the Government had any preknowledge of the search nor that the agents openly encouraged or cooperated in the search," Torres cannot meet the knowledge and acquiescence prong of the inquiry. *Ford*, 765 F.2d at 1090. The district court therefore did not clearly err by denying the motion to suppress.[2] And because Torres's allegations, even if true, would

---

[2] We pause to note that our predecessor Circuit has held that a search warrant identifying a property is "sufficient to embrace the vehicle parked in the driveway on those premises." *United States v. Napoli*, 530 F.2d 1198, 1200 (5th Cir. 1976); *see also Brooks v. United States*, 416 F.2d 1044, 1050 (5th Cir. 1969) (a search warrant for a "lot and the cabin" authorizes search of an automobile "parked in the lot and very close to the cabin"); *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (decisions by the former Fifth Circuit handed down before October 1, 1981 are binding on this Court). In this case, officers had a warrant to search Torres's property, identified by both its street address and its physical characteristics, including a "two-car driveway." The warrant even includes a picture of the house clearly depicting Torres's boat parked in the driveway, immediately next to the residence. Therefore, even if the child's search could be attributed to the government, the officers' warrant to search the property appears to have authorized a search of Torres's

not have warranted suppression, the court also did not abuse its discretion by declining to hold an evidentiary hearing. *See Richardson*, 764 F.2d at 1527. Finally, Torres is not entitled to a judgment of acquittal because he stipulated during the bench trial that, provided the evidence from the cell phone was properly admitted, there was sufficient evidence to convict him at all counts.

**III.**

Torres next argues that the district court erred by applying sentencing enhancements for a pattern of sexual misconduct against minors under U.S.S.G. §§ 2G2.2(b)(5) and 4B1.5(b)(1). The government bears the burden of proving the facts underlying a Guidelines enhancement by a preponderance of the evidence. *United States v. Alberts*, 859 F.3d 979, 982 (11th Cir. 2017). We review the district court's factual findings underlying an enhancement for clear error. *Id.*

Both parties agree that even if Torres's enhancement under U.S.S.G. § 2G2.2(b)(5) were eliminated, his total offense level would be unchanged. Any error with respect to its application was therefore harmless at worst, rendering remand and resentencing unnecessary. *See United States v. Sanchez*, 30 F.4th 1063, 1076–77 (11th Cir. 2022).

The U.S.S.G. § 4B1.5(b)(1) sentencing enhancement applies if the defendant engaged in a "pattern of activity involving

---

boat as well. Because no party raised this issue, however, we do not decide it here.

prohibited sexual conduct."   A defendant engaged in a "pattern" under § 4B1.5(b)(1) if he engaged in prohibited conduct "on at least two separate occasions."   *Id.* cmt. n.4(B)(i).   Multiple offenses against the same victim may count for the enhancement.  *United States v. Fox*, 926 F.3d 1275, 1279–80 (11th Cir. 2019).

Below, Torres stipulated that on two separate days in July 2021, he distributed images through his Kik messenger account depicting an adult man sexually abusing his Florida victim.  These images depicted the same child, but wearing different clothing.  Torres also stipulated that in August 2021, he had used the "live" function on his Kik messenger account to distribute an image of an adult man raping his Florida victim.

The district court did not err by finding that these stipulated facts amounted to a showing that Torres had engaged in multiple instances of prohibited sexual conduct on different occasions.  That the images lacked metadata definitively confirming their date of creation is immaterial—the fact that the images were distributed on different dates, that the child was wearing different clothing in the images, and that the August image was distributed via Kik's "live" feature (suggesting it could not have been produced earlier at the time of the July images) all more than adequately support the inference that Torres sexually abused his victim on multiple, separate days.  The enhancement was proper.

★    ★    ★

**AFFIRMED.**