[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 20-13540
Non-Argument Calendar

————————————————

D.C. Docket No. 8:17-cr-00310-WFJ-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN JERMAINE TAYLOR,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(June 17, 2021)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Kevin Jermaine Taylor, a federal prisoner, appeals following the revocation of his supervised release and the imposition of a 36-month sentence. He argues that his 36-month revocation sentence is both procedurally and substantively unreasonable because the district court considered his need for both rehabilitation and medical treatment, and lengthened his sentence in order to promote them, in violation of *Tapia v. United States*, 564 U.S. 319 (2011), and our decision in *United States v. Vandergrift*, 754 F.3d 1303 (11th Cir. 2014). The government responds by acknowledging that the district court plainly erred when it varied upward and imposed a statutory maximum sentence after considering Mr. Taylor's need for mental health and substance abuse treatment.

We review a sentence imposed upon the revocation of supervised release for reasonableness. *See Vandergrift*, 754 F.3d at 1307. We review the reasonableness of a sentence, in turn, under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). However, we review for plain error a sentencing challenge raised for the first time on appeal. *See Vandergrift*, 754 F.3d at 1307. To show plain error, the defendant must demonstrate that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights. *Id.* If all three conditions are met, we may, in our discretion, correct an error if it "seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (brackets and quotations omitted).

2

"To be upheld on appeal, a sentence must be both procedurally and substantively reasonable." *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010). Therefore, when reviewing a sentence for reasonableness, we must first ensure that the district court committed no significant procedural error. *See Gall*, 552 U.S. at 51. After ensuring that a sentence is procedurally sound, we then consider the substantive reasonableness of the sentence. *See id.* Generally, we decline to discuss the substantive reasonableness of a sentence, however, until any procedural errors we have identified have been addressed by the district court. *See United States v. Barner*, 572 F.3d 1239, 1253 (11th Cir. 2009).

Under 18 U.S.C. § 3553(a)(2), the district court must impose a sentence "sufficient, but not greater than necessary" to achieve the goals of sentencing. These include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public from future criminal conduct, and provide the defendant with needed medical care or other correctional treatment in the most effective manner. *See* § 3553(a)(2)(A)-(D). The Sentencing Reform Act, however, instructs courts to recognize "that imprisonment is not an appropriate means of promoting correction and rehabilitation" when considering the § 3553(a) factors. *See* 18 U.S.C. § 3582(a).

Accordingly, the Supreme Court has held that a sentencing court may not impose or lengthen a prison term to promote a defendant's rehabilitation. *See Tapia*,

564 U.S. at 332-34. We have extended the holding of *Tapia*, explaining that it applies "whether a person is initially being sent to prison *or being sent back to prison after a period of supervised release*." *Vandergrift*, 754 F.3d at 1309 (emphasis added). In *Vandergrift*, we held "that *Tapia* error occurs where the district court *considers* rehabilitation when crafting a sentence of imprisonment," not only when it (1) specifically tailors the length of the sentence to permit completion of a rehabilitation program, or (2) makes rehabilitation the dominant factor in reaching its sentencing determination. *Id.* at 1310 (emphasis in original). In other words, "[b]ecause it is impermissible to consider rehabilitation, a court errs by relying on or considering rehabilitation in any way when sentencing a defendant to prison." *Id.* at 1311. Nevertheless, "*Tapia* does not prohibit a district court from discussing rehabilitation during a sentencing hearing." *Id.* Thus, "[a] court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs." *Id.*

We have also held that, if a district court considers rehabilitation when determining a prison sentence, that error is plain. *See United States v. Alberts*, 859 F.3d 979, 986 (11th Cir. 2017). On the other hand, if the court's consideration of rehabilitation at sentencing is only an "ancillary concern" or a "minor fragment" of its reasoning, the defendant cannot show that the error affected his substantial rights. *See id.* Rather, to show that his substantial rights were affected by the error, the

4

defendant must show that the district court's sentence would have been different had it not considered rehabilitation.  *See id.*

We conclude that the district court plainly erred in considering Mr. Taylor's rehabilitative needs when determining his sentence.  The district court varied upward and imposed a 36-month sentence, and explained that it was doing so in part due to "the need for the defendant for health and substance abuse dual diagnosis services." D.E. 88 at 16-17.  *See also* D.E. 76 at 4 (statement of reasons indicating that Mr. Taylor was a life-long addict who needed to participate in the RDAP because he had failed other substance abuse programs).  Accordingly, we vacate Mr. Taylor's sentence and remand for resentencing.  Given our resolution, we conclude that it is unnecessary for us to consider the substantive reasonableness of his sentence.

**VACATED AND REMANDED.**