[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13103

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBERT WELLS,
a.k.a. Jared Anthony Chaliz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cr-00010-WWB-DCI-1

_____

Before ROSENBAUM, JILL PRYOR, and LAGOA, Circuit Judges.

PER CURIAM:

Robert Wells appeals his 12-month sentence imposed upon revocation of his supervised release. He argues that the district court erred by considering rehabilitation when imposing the prison sentence, in violation of *Tapia v. United States*, 564 U.S. 319 (2011). He also contends that the district court erroneously believed it could shorten his prison term at a later time. We agree that plain *Tapia* error occurred, so we vacate and remand for resentencing.

I.

In 2018, Wells was convicted of unlawfully possessing a firearm after a felony conviction, *see* 18 U.S.C. § 922(g)(1), and sentence to eighteen months in prison followed by three years of supervised release. He began his term of supervision in February 2021. In November 2021, the district court modified his conditions of supervision to include participation in mental health and substance abuse treatment.

In July 2022, a probation officer filed a superseding petition to revoke Wells's supervised release, alleging three violations: (1) using marijuana; (2) failing to submit to urinalysis; and (3) being convicted of driving with a canceled or suspended license. According to the probation officer's supporting memorandum, during a urinalysis appointment in May 2022, Wells admitted using

marijuana to cope with marital, financial, and other stressors. Later at that same appointment, he admitted to adding water to dilute his urine sample.  Wells gave a urine sample the following day under supervision, which was negative for illegal substances. A couple weeks later, Wells was pulled over for speeding and having an expired temporary tag.  He told the officer he had no license, and a record check showed he had two prior convictions for driving with a suspended license.  He was convicted and sentenced to 31 days in jail, with credit for time served.

Wells admitted the violations, and the district court adjudicated him guilty and revoked his supervised release.  The court then calculated a guideline imprisonment range of 12 to 18 months, with a statutory maximum of two years.

Wells's counsel explained that it was the parties' joint recommendation for the district court to "vary from the guidelines" and "put Mr. Wells into a six-month Salvation Army program" for inpatient substance-abuse treatment while on the two-year maximum term of supervised release.  Defense counsel urged the court to allow Wells "to get treatment," because he suffered from alcohol abuse and mental-health disorders, including anxiety, depression, and bipolar, and he was self-medicating with alcohol and marijuana to cope with the stressors of providing for eight children.

The government stated that it had agreed to the treatment proposal because it "get[s] at the heart of the issue, underlying both" his prior criminal conduct and the violations, which was "substance abuse."  While the program was "not the same" as

incarceration, the government explained, it was restrictive enough that Wells was "not going to be out and about doing whatever or making bad choices for at least six months."

The district court disagreed with the joint recommendation, however, concluding that there "should be a punitive aspect to the violation as well to promote respect for the law." The court noted that Wells disrespected the court and the law by attempting to cheat a urine test and committing a new criminal offense, which was conduct "altogether different than . . . simply smoking some pot or drinking alcohol." So while the court exhorted Wells to follow through on making positive changes in his life, it determined that a prison term of 12 months was appropriate to account for his refusal to conform his behavior to the law despite being "given multiple opportunities."

Still, the district court emphasized its desire for Wells to receive treatment. It stated that it would recommend him for the Bureau of Prisons' residential drug-treatment program. It also wanted him to join the Salvation Army program upon his release "if there's bed space available" and it was still recommended at that time, and to participate in "mental health treatment, either outpatient or inpatient."

The district court then proposed, "if it's allowed," permitting Wells to move to the Salvation Army program after serving six months in BOP custody if there was a bed available and he was "not getting any treatment in the BOP." The court made clear it would, if it could, "sign that motion" permitting the transfer at six

22-13103              Opinion of the Court              5

months.  But after defense counsel suggested there was no legal way for the sentence "to terminate early," the court seemingly abandoned the idea, stating, "All right.  I find the sentence is sufficient but not greater than necessary to comply with the statutory purposes of sentencing."  Wells made a sweeping objection that the sentence was "procedurally and substantively unreasonable."  He now appeals.

## II.

Wells argues that the district court procedurally erred by considering his need for rehabilitation as a sentencing factor, in violation of *Tapia*.  Because Wells did not make an objection along these lines below, we review for plain error only.  *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (reviewing a *Tapia* argument for plain error); *United States v. Carpenter*, 803 F.3d 1224, 1238 (11th Cir. 2015) ("A sweeping, general objection is insufficient to preserve specific sentencing issues for review.").

Under the plain-error standard, we may not reverse a sentence unless the district court committed an error that was plain or obvious and affected both the defendant's substantial rights and the integrity and standing of the judiciary.  *United States v. Alberts*, 859 F.3d 979, 985 (11th Cir. 2017).  An error does not affect a defendant's substantial rights unless there is a "reasonable probability" of a different sentence absent the error.  *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005).

In *Tapia*, the Supreme Court held the Sentencing Reform Act of 1984 prohibits federal courts from "imposing or lengthening a prison term in order to promote a criminal defendant's rehabilitation." 564 U.S. at 321; *see* 18 U.S.C. § 3582(a) (stating that "imprisonment is not an appropriate means of promoting correction and rehabilitation"). We have interpreted *Tapia* to mean that a district court errs whenever it "*considers* rehabilitation when crafting a sentence of imprisonment," including a revocation sentence. *Vandergrift*, 754 F.3d at 1310. But the court is not wholly prevented from considering rehabilitation at sentencing. It may discuss "opportunities for rehabilitation" in prison or recommend a defendant for a particular facility or drug-treatment program, so long as it does not rely on rehabilitative needs when crafting the prison sentence. *Tapia*, 564 U.S. at 334. It may also "consider a defendant's rehabilitative needs when imposing sentences of probation or supervised release." *Alberts*, 859 F.3d at 986 n.3.

Here, the district court's comments were, for the most part, entirely consistent with *Tapia*. The court was permitted to recognize Wells's need for treatment, to discuss treatment opportunities in prison and recommend him for a BOP program, and to consider his rehabilitative needs on supervised release by requiring him to complete a drug-treatment program if indicated at that time. *See Tapia*, 564 U.S. at 334; *Alberts*, 859 F.3d at 986 n.3. "So the sentencing court here did nothing wrong—and probably something very right—in trying to get [Wells] into an effective drug treatment program." *Tapia*, 564 U.S. at 334.

22-13103                Opinion of the Court                7

Nor did the district court rely on Wells's rehabilitative needs when explaining its reasons for imposing the 12-month sentence. Despite believing that Wells "need[ed] some treatment," the court rejected the parties' treatment-only proposal because it concluded that there "should be a punitive aspect to the violation as well to promote respect for the law."[1]  It explained that a prison term was appropriate because of Wells's refusal to conform his behavior to the law despite "multiple opportunities."  Wells's rehabilitative needs were nothing more than an "ancillary concern" in the court's explanation of its sentence, so they ordinarily would not be enough to establish plain error.  See Alberts, 859 F.3d at 986 ("A defendant cannot show that his substantial rights were impacted if his rehabilitative needs clearly constituted only a minor fragment of the court's reasoning." (quotation marks omitted)).

But when we view the district court's explanation in light of its ensuing comments, we are left with grave doubt whether the explanation applies to the whole prison term or just part of it.  After imposing the 12-month sentence, the court opined that it would, if it could, allow Wells to transfer from BOP custody to the Salvation Army for drug treatment if he had "served at least six months of

---

[1] In a passing footnote, Wells asserts that the district court made an "arguable error" when it considered the need for a "punitive aspect" to the sentence under 18 U.S.C. § 3553(a)(2)(A).  Wells did not adequately raise this issue on appeal, and he does not establish plain error, in any case.  See Vandergrift, 754 F.3d at 1308–09 (holding that it was not plainly erroneous to consider § 3553(a)(2)(A) when revoking supervised release because circuits were split and neither the Supreme Court nor this Court has resolved the issue).

[his] sentence," a bed was available, and he was "not getting any treatment in the BOP."[2] The proposal, in other words, appears to have tied the last six months of his prison term to whether he was receiving treatment in prison. And under it, he would serve more time in prison if his rehabilitative needs were being met.

The district court's proposal, though ultimately abandoned, casts substantial doubt on its justification for the last six months of the sentence. After all, the court indicated its willingness to terminate or transfer custody at six months so that Wells could receive effective drug treatment outside the BOP, effectively making the 12-month term half-prison and half-treatment. But if the purposes of sentencing apart from rehabilitation *did not* justify confining him after six months in that instance, it's hard to see what purposes the court thought *did* justify confining him at all after six months, apart from his rehabilitative needs. That leaves the substantial possibility that the court instead based the remainder of the sentence on Wells's rehabilitative needs.[3]

---

[2] The district court phrased its alternative proposal as Wells "serving six months of his [12-month] term in Salvation Army." But the court did not identify a mechanism for Wells to serve a prison term outside of BOP custody. Rather, it appears, as the government suggested at sentencing, that the parties and the probation office contemplated the Salvation Army program as a condition of a new term of supervised release imposed on revocation.

[3] Notably, the probation officer indicated that the BOP's residential drug treatment program ("RDAP") was "at least a yearlong program."

Because the record indicates that the district court based the length of Wells's sentence in part on his rehabilitative needs, which *Tapia* and *Vandergrift* plainly forbid, Wells has established the first two prongs of plain error.  The third prong is also satisfied because there is a reasonable probability of a different result absent the error.  *See Rodriguez*, 398 F.3d at 1299.  Far from a "minor fragment" of the court's reasoning, the record shows that Wells's rehabilitative needs may have been the dominant factor justifying the last six months of his prison sentence, given the court's willingness to terminate or transfer custody of Wells to receive effective drug treatment after six months.  *Cf. Alberts*, 859 F.3d at 986.  And unlike *Alberts*, in which the district court's *Tapia* error did not affect the defendant's substantial rights because the court, before announcing the sentence, reemphasized—and without mentioning rehabilitation—that its "primary concerns" were the seriousness of the offense, the need for punishment and deterrence, and the need to protect society, the district court in this case did not reemphasize the "punitive aspect" of Wells's sentence.  Finally, we elect to use our discretion to correct the error because it may well undermine judicial proceedings by causing "an unnecessary deprivation of liberty."  *See United States v. Moore*, 22 F.4th 1258, 1265 (11th Cir. 2022) (quotation marks omitted).

For these reasons, we vacate Wells's 12-month revocation sentence and remand for resentencing.

**VACATED AND REMANDED.**