[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13677

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BRANDEN DEMONTAY GREEN,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:13-cr-00028-CDL-MSH-1

_____

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Branden Green appeals his 24-month prison sentence imposed upon revocation of his term of supervised release. He argues that his sentence, above the applicable advisory sentencing guideline range of 8 to 14 months, is substantively unreasonable. After review of the parties' briefs and the record, we affirm.

**I**

In December of 2013, Mr. Green pled guilty to one count of aiding and abetting in the distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). In fashioning his sentence, the district court varied downward from an applicable guideline range of 151 to 188 months to a sentence of 87-months' imprisonment followed by 4 years of supervised release.

After his release from custody on August 28, 2020, Mr. Green began to serve his supervised release term in the Northern District of Georgia. But in June of 2022, his probation officer filed a petition with the district court seeking a revocation of supervised release because Mr. Green had violated the terms of his release.

The petition alleged that Mr. Green had traveled to Bay County, Florida without the requisite permission and that while he was there, police officers arrested him on charges of sexual battery against a 16-year-old female; the use of a deadly weapon; and possession of MDMA. Accordingly, the petition asserted two

violations: the first, a Grade A violation for engaging in unlawful conduct, *see* U.S.S.G. § 7B1.1(a)(1), and the second, a Grade C violation for leaving the Northern District of Georgia without permission, *see* § 7B1.1(a)(3).

For the two violations, the probation officer's revocation report assigned an overall Grade A classification. This was in accordance with § 7B1.1(b).[1]

Based on the Grade A classification and a criminal history category of VI, the report noted that the applicable advisory guideline range was 33 to 41 months, but that because Mr. Green was on supervised release for a Class C felony, his advisory sentence was calculated at the statutory maximum of 24 months, pursuant to 18 U.S.C § 3583(e)(3).

At the revocation hearing, the government informed the district court that Mr. Green agreed to admit to the Grade C violation in exchange for dismissal of the Grade A violation, and that the parties were jointly recommending a sentence at the top of the guideline range of 8 to 14 months for the Grade C violation. The district court stated, however, that it "may not be inclined to sentence [Mr. Green] to 14 months" on the Grade C violation and explained to Mr. Green that although the advisory guideline range for

---

[1] Under § 7B1.1(b), "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."

his Grade C violation was 8 to 14 months, it "would be authorized, depending on [its] findings . . . [to] sentence [him] up to 24 months." *See* D.E. 59 at 5, 8. When asked whether he understood that he could receive a sentence of up to 24-months' imprisonment, Mr. Green responded in the affirmative. He thereafter admitted to violating the conditions of his supervised release by traveling to Florida without the permission of his probation officer.

The district court granted the government's motion to dismiss the Grade A violation and found, based on his admission, that Mr. Green violated the conditions of supervised release as outlined in the petition with respect to the Grade C violation. It then stated that it had considered the applicable guideline range of 8 to 14 months and Mr. Green's criminal history category of VI, and that it found that an upward variance to the statutory maximum of 24 months' imprisonment was "appropriate and necessary" under the § 3553(a) sentencing factors. *See id.* at 12.

In explaining its decision, the district court recalled that when Mr. Green was first sentenced, he "was a career offender" who "got a substantial break in his original sentence" and that "he did not take advantage of that break." *See id.* at 12–13. Instead, "he demonstrated . . . a complete disregard for the condition of his supervised release by leaving the state without obtaining the permission of his probation officer." *See id* at 13. The district court further explained that Mr. Green's "disrespect for the law" and his criminal history required an upward variance to the statutory maximum of 24 months, with no supervised release to follow. *See id.* Based on

22-13677            Opinion of the Court            5

Mr. Green's history and characteristics, the sentence was "appropriate," "complie[d]" with the factors to be considered under 18 U.S.C §§ 3553(a) and 3583(e), and "adequately addresse[d] the totality of the circumstances." *See id.*

Mr. Green objected to the substantive reasonableness of the sentence, arguing that his violation was only a Grade C violation, that it was his first violation in the two years since his release, and that he and the government had agreed to a joint recommendation at the top of the guideline range of 14 months. In response, the district court reiterated its rationale in even more detail, stating:

> This defendant is a career offender. This defendant was given a substantial break on his original sentence. This defendant should have understood that given his career offender status and the break that he got, that when he was released on supervised release, he should do everything in his power to demonstrate respect for the law. That includes following the conditions of his supervised release. He should have understood with his criminal history that there are consequences to not following the law, that there are consequences to not following the rules. And he should, more than any other person, perhaps, have fully understood that he needed to make sure that he complied with that law and those conditions in every respect. And although it was absolutely clear that the defendant was prohibited from leaving the district without obtaining permission from his probation officer, he, nevertheless, given all of that background, given his criminal history, just determined that he was

going to flout the law and was not going to respect the law and was going to do whatever he wanted to do, so he took off and went to Florida.

And for that reason, under all of these circumstances, the Court finds that the slight upward variance that the Court has made in this particular case of 10 months is absolutely necessary to promote respect for the law and to take into consideration the history—criminal history of this defendant before he came into this Court and also the circumstances of his sentence in this Court. And for all of those reasons, a 24-month sentence is certainly reasonable in this Court's view and justifies a variance upward even though the guidelines and statute may classify this as a Class C violation, which the Court finds is still a serious violation, particularly given the history and circumstances in this particular case.

*See id. at* 15–16.

On appeal, Mr. Green argues that the district court imposed a substantively unreasonable sentence by (1) giving primary focus to only two of the § 3553(a) factors—his criminal history and his respect for the law—and by (2) considering his dismissed Grade A violation.

## II

We review the substantive reasonableness of a sentence imposed upon revocation of supervise release for abuse of discretion, and in doing so, consider the totality of the circumstances. *See United States v. King,* 57 F. 4th 1334, 1337 (11th Cir. 2023). The party

challenging the sentence bears the burden of establishing that the sentence is unreasonable according to the facts of the case and the § 3553(a) factors. *See id.* at 1337–78.

## A

A district court abuses its discretion and imposes a substantively unreasonable sentence when it "(1) fails to afford consideration to relevant [§ 3553(a)] factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted). Under this framework, we will vacate a sentence as substantively unreasonable "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020).

Where the district court imposes a sentence outside of the guideline range, we do not presume that the sentence is unreasonable and "give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance." *See id.* When imposing an upward variance, the district court must provide compelling enough justifications to support the degree of the variance. *See United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009).

## B

Mr. Green argues the district court "failed to properly weigh" the § 3553(a) factors by placing "primary focus on only two of the factors," namely, his criminal history and the need to promote respect for the law.[2]  *See* Appellant's Br. at 9, 13.  He contends that as a result, the district court's 10-month upward variance to the 24-month statutory maximum was substantively unreasonable. We disagree for two reasons.

---

[2] We note that a district court must consider certain of the § 3553(a) factors when imposing a prison sentence upon revocation of a defendant's supervised release.  *See* 18 U.S.C. § 3583(e)(3).  The need for the sentence to promote respect for the law, *see* § 3553(a)(2)(A), is not one of those factors.  *See* §3583(e)(3) (providing that when revoking a term of supervised release and imposing a sentence upon revocation, a district court must consider the factors set forth in §§ 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7)).  We have stated that "[t]he text of § 3583(e) does not, however, *explicitly* forbid a district court from considering § 3553(a)(2)(A)."  *United States v. Vandergrift*, 754 F.3d 1303, 1308 (11th Cir. 2014) (emphasis in original).

Whether the district court considered an improper sentencing factor when determining a defendant's sentence raises a question of procedural reasonableness.  *See United States v.* Alberts, 859 F.3d 979, 985 (11th Cir. 2017).  To the extent Mr. Green challenges the procedural reasonableness of his sentence on the ground that the district court improperly considered the need to promote respect for the law, we review the issue for plain error because he did not object to the procedural reasonableness of his sentence in the district court.  *See United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000).  Because no precedent from the Supreme Court or this Court, or the language of § 3583(e) directly resolves the issue, we conclude that the district court did not plainly err by considering this factor when sentencing Mr. Green.  *See Vandergrift*, 754 F.3d at 1308–09.

First, a district court's primary reliance on one or two of the §3553(a) factors does not render a sentence per se unreasonable. *See United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013) ("[S]ignificant reliance on a single factor does not necessarily render a sentence unreasonable."). District courts have wide discretion in weighing the factors and therefore, "[are] permitted to attach great weight to one factor over others." *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (quotation marks and internal citation omitted). We have also held that placing substantial weight on a defendant's criminal history—especially where, as here, the defendant is placed at a criminal history of category VI—is "entirely consistent with § 3553(a)" because many of the other factors relate to a defendant's criminal history. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1263 (11th Cir. 2015). Therefore, given Mr. Green's criminal history and the wide discretion given to district courts in weighing the relevant factors when imposing a sentence, we cannot say that the district court abused its discretion in giving greater weight to Mr. Green's criminal history and the need to promote respect for the law.

Second, the district court similarly "has considerable discretion in deciding whether the § 3553(a) factors justify a variance and the extent of one that is appropriate." *Shaw*, 560 F.3d at 1238 (internal quotation marks omitted). And Mr. Green has not shown that the district court's 10-month upward variance was otherwise unreasonable.

Though the district court imposed the statutory maximum of 24 months in prison, the variance was only 10 months above the top end of the applicable guideline range of 8 to 14 months and was supported by a sufficient and compelling justification. The district court explicitly stated that in varying upward it had considered the applicable guideline range for Mr. Green; the Grade C classification of his violation; the factors under § 3553(a), including Mr. Green's history and characteristics; and the totality of the circumstances. In doing so, it particularly noted the fact that (1) Mr. Green is a career offender who was given a substantial break on his original sentence, and (2) that despite the break and his criminal history, he failed to show respect for the law by blatantly violating the conditions of his supervised release. "It is enough when the [district] court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account." *United States v. Isaac*, 987 F.3d 980, 995 (11th Cir. 2021) (internal quotation marks omitted). Here, the district court did more than simply state that it had considered the relevant factors and provided compelling justifications for its determination. We are thus satisfied that the district court adequately considered the § 3553(a) factors and the totality of the circumstances in imposing the 10-months upward variance.

Mr. Green's additional argument, that the district court improperly considered the dismissed Grade A violation, lacks merit. Mr. Green speculates that, since his sentence would have been capped at the 24-month statutory maximum had he admitted to the Grade A violation, the district court necessarily took into

22-13677               Opinion of the Court                11

account the dismissed violation when varying upward and sentencing him to 24 months in prison.  But the district court explained its reasoning for varying upwards on two separate occasions and both times its reasoning was clear and specific.  Notably, the district court at no point mentioned the alleged Grade A violation or the facts surrounding it.  We therefore reject Mr. Green's claim as lacking support in the record.

### III

We affirm Mr. Green's sentence.

**AFFIRMED.**